CHILD v. McCLOSKY.

In an action for the price of a plow there was evidence that plaintiff sold the plow to the defendant through the latter's agent, and received, either in payment or as security therefor, a note payable to defendant, with defendant's guaranty indorsed thereon by the agent, and that

the agent was authorized by defendant to purchase the plow and
transfer the note to plaintiff. Defendant introduced evidence to show
that the agent had no authority to purchase the plow, and the jury
so found. In a subsequent action on the note between the same
parties substantially the same evidence was introduced. *Held*, that
the judgment in the first action was *res judicata* as to the agent's
authority to transfer the note.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Spink county. HON. A. W. CAMP-
BELL, Judge.

Action by T. W. Child against J. E. McClosky. From a judg-
ment for defendant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*W. F. Bruell* (S. R. Child, of counsel), for appellant.

The burden of proof is upon the defendant who pleads *res
judicata* because of a former judgment, to set up that judgment and
to show what was determined by it, and what is common to the sub-
sequent action, and the proof must be clear, certain and convincing.
21 A. & E. Enc. of L. 202.

If there be any uncertainty in the record—as, for example, if it
appear that several distinct matters may have been litigated, upon one
or more of which judgment was rendered—the whole subject-matter
of the action will be at large and open to a new contention, unless the
certainty be removed by extrinsic evidence, showing the precise point
involved and determined. Russell v. Place, 94 U. S. 606; Bell v.
Merrifield, 109 N. Y. 202; Lewis v. Ocean Nav., etc., Co. Co., 125
N. Y. 241; Van Valkenburgh v. Milwaukee, 43 Wis. 574; Attor-
ney-General v. Chicago, etc., R. Co., 112 Ill. 520; Hoyle v. Far-
quharson, 80 Mo. 377; Basset v. Connecticut River Co., 150 Mass.
178.

*Sterling & Morris,* for respondent.

Such issues are as properly before the court as those directly made by the pleadings, and if they are adjudicated are conclusive as against a subsequent action depending for its determination upon the same facts. Sherman v. Dilley, 3 Nev. 21; 21 Am. & Eng. Ency. of Law, 227.

A former judgment may be given in evidence with such parol proof as may be necessary to show the ground upon which it proceeded, where such grounds from the form of the issue do not appear by the record itself, provided that the matters passed upon are such as were properly given in evidence under the issue, and were manifestly directly and necessarily in question and passed upon by the jury. Wood v. Jackson, 8 Wend. 9; Clemens v. Clemens, 37 N. Y. 74; Campbell v. Rankin, 99 U. S. 261.

Where a point was directly in issue in a former action and actually adjudicated and determined by the court it cannot be again drawn in question in any future action between the same parties, whether the cause of action be the same or different. Black on Judgments, § 504, 506 and authorities there cited; Chrisman, admx., v. Harmon, 26 Am. Rep. 388.; Crowell v. Sac. Co., 94 U. S. 351; Black v. Co. Coms. 99 U. S. 686.

CORSON, J. This is an action to recover the amount of a promissory note purporting to have been executed by one Wood, and payable to the order of the defendant, and transferred to the plaintiff by an agent of the defendant. Judgment was directed for the defendant, and plaintiff appeals.

The plaintiff alleges in his complaint "that on or about March 30, 1896, defendant, by his agent, Robert McClosky, indorsed to this plaintiff one certain promissory note, purporting to have been made by one Sylvester A. Wood, and payable to the order of defendant— said note being for the sum of $75, bearing date September 7, 1895,

due November 1, 1896, bearing interest at 10 per cent. per annum; that defendant received, through his agent, in exchange for said note, one Bradley gang plow, which was used on defendant's farm, and accepted by defendant personally, and is still used on said farm." The plaintiff further alleges that due demand for payment was made, and demands judgment for $96 and costs. The defendant, in his answer, denies the allegations of the complaint, and pleads: "For a further and separate answer and defense, defendant alleges that in an action heretofore had in the circuit court in and for Spink county, South Dakota, wherein T. W. Child, above named, was plaintiff, and J. E. McClosky, above named, was defendant, the issues herein presented were fully raised and tried, and were fully adjudicated, and a judgment rendered in said action in favor of the defendant herein and against said plaintiff; that the said action tried as aforesaid involved the same transaction upon which this alleged claim for $96 is set up, and embraced all the issues and points so raised, and was decided upon the merits of said cause, as the same appear in this action.". It appears from the evidence in this case that a prior action was commenced by the plaintiff against the defendant to recover $65, the value of the gang plow alleged to have been sold by the plaintiff to the defendant, which action was tried by a jury, and resulted in a verdict for the defendant. It further appears that in that action evidence was offered tending to prove that the plaintiff sold and delivered to one Robert McClosky, the father of the defendant, who had charge of a farm in Spink county belonging to his son, a plow of the value of $65, and received, either in payment for, or as security for the payment for, said plow, the promissory note now in controversy, with the defendant's guaranty indorsed thereon by the father in the name of his son, the defendant. There was also evidence tending to prove that Robert McClosky was authorized by

his son to purchase said plow, and transfer to the plaintiff therefor the promissory note sued on in this action. The defendant in the action denied all the allegations of the plaintiff's complaint, and introduced evidence tending to prove that Robert McClosky had no authority, as his agent, to purchase the plow, and this seems to have been the view adopted by the jury by their verdict in favor of the defendant. As will be observed, the present action is to recover the amount of the promissory note so transferred by Robert McClosky to the plaintiff at the time it is claimed he purchased said plow, as the plainttiff, in his complaint, states that the note was received by him in exchange for one gang plow, accepted by the defendant, etc.

It is contended by the appellant in the case at bar that the agency of Robert McClosky in transferring this note to the plaintiff was not in issue in the former action, as the issues in that case were as to whether or not Robert McClosky purchased the plow for himself or as the agent of the defendant, and whether or not the note was received in payment of the plow, or as collateral security, and that therefore the judgment in that action does not constitute a bar to this action. The appellant further contends that, in order that a judgment should constitute an estoppel, there must be identity of the subject matter and identity of causes of action, and that both are absent in this case; that an adjudication of fact, other than an issuable fact, cannot estop in another action; and that the issuable facts are those only put in issue by the pleadings. It is further contended on the part of the appellant that neither the subject matter nor the thing sued for was the same in the two actions, nor is there any identity of issues; that the subject matter of the first action was the contract by respondent to pay appellant for the plow, and that the thing sued for was the consideration so agreed to be paid, while the subject matter in the

present action is the contract by respondent to pay appellant the amount of the note sued for, if not paid by the maker thereof, and that the thing sued for is the amount due upon the note; that the question in the first action was whether plaintiff was entitled to recover of defendant the purchase price of the plow, while in the case at bar the question is whether the defendant is liable on the guaranty of the note. The respondent, on the other hand, insists that the question of the agency of the father to transfer the note in controversy was directly at issue in that action, and that the verdict of the jury in favor of the defendant in that action is necessarily conclusive of the issues involved in the case at bar. He further contends that the evidence under the plea of *res judicata* shows conclusively that the same material issues involved in, and to be tried and determined in, this action were necessarily tried, adjudged, and determined in the former action; and if there was any doubt upon this subject upon the pleadings in the two actions, and the issues thereby raised, that doubt is removed by evidence dehors the record, showing that the same evidence was introduced at the trials of the two actions.

It is conceded that the parties are the same, and that they occupy the same relation, and sue and defend in the same capacity, in the two actions; but as to the subject matter and issues involved in the two actions, as will be observed, the parties are not agreed. Naturally the principal question involved in the former action was as to whether or not Robert McClosky, the father, was authorized by the defendant to purchase the plow as his agent; but there was involved, also, the question as to whether or not Robert McClosky was authorized to transfer the note belonging to his son, either in payment for the plow, or as collateral security therefor. If the father was not authorized to purchase the plow for his son, it would seem to necessarily follow that he was not authorized to transfer the promis-

sory note belonging to the son, either in payment of or as collateral security therefor. The two transactions—the purchase of the plow and the transfer of the note—seem to be inseparably connected. If the defendant could not be held for the purchase price of the plow, it is difficult to perceive upon what principle of law the plaintiff can · indirectly recover that value, by recovering upon the promissory note in controversy. Unless the father had authority to purchase the plow, no authority is shown for the transfer of the note. It is not claimed that he had authority to transfer the note, independently of his authority to purchase the plow. The evidence introduced on the part of the plaintiff in this action was clearly shown to be substantially the same as that introduced on the former trial. Even the plaintiff himself, when called as a witness, stated that he had testified at a former trial as to conversations with the defendant, J. E. McClosky, in regard to this note. He was then asked the following question: "You may state whether or not the plow and note of which you testified today were the same plow and note of which you testified at the trial between yourself as plaintiff and this defendant, in the case tried here at the May term, 1898,"—to which he answered: "I think it was." He was then asked: "Did you testify to the same agency in the case tried here in May between yourself as plaintiff and this defendant? Ans. The same transaction; yes, sir. Question. Did you testify as to the same agency in the case tried here in May between yourself as plainttiff, and this defendant? Ans. The same things existed and the same circumstances." Other witnesses testified that their evidence at the former trial was substantially the same as on the present trial. While the circumstance that substantially the same evidence was given in the present case as on the former action would not be conclusive that the issue involved in this action had been determined in the former action,

188 CHILD *v.* MCCLOSKY.

it is certainly very strong evidence tending to prove that fact. Undoubtedly it is true, as a general rule, that to make a matter *res judicta* there must be (1) identity of subject-matter, (2) identity of. cause of action, (3) identity of persons and parties, and (4) identity in the quality of the persons for or against whom the claim is made. 21 Am. & Eng. Ency. Law, 227. But this rule must receive a reasonable construction. While it is true that in the former case the action was to recover the value of the plow alleged to have been sold to the defendant through his father as agent, and the present action is to recover the amount due upon the promissory note belonging to the defendant, and indorsed and delivered by the father in payment or as security for that identical plow, it would seem that the verdict of the jury must necessarily have determined that the father was not authorized to use the note belonging to his son, and to bind his son by the indorsement of a guaranty thereon, in payment of, or as collateral to secure, the purchase price. It was shown that this whole question of the authority of the father to buy the plow for his son and deliver the note, and its transfer, indorsement, and authority to transfer and indorse the same, was fully gone into on the former trial. We fully recognize the rule so often stated, that, where there is any uncertainty in the record as to the issue upon which the jury based their verdict, the whole subject-matter of the action will be at large and open to a new contention, unless the uncertainty be removed by extrinsic evidence, as held by this court in Pitts v. Oliver, 13 S. D. 561, 83 N. W. 591. See, also, Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55; Lewis v. Pier Co., 125 N. Y. 341, 26 N. E. 301; Van Valkenburgh v. City of Milwaukee, 43 Wis. 574; Attorney General v. Railroad Co., 112 Ill. 520; Hoyle v. Farquharson, 80 Mo. 377; Bassett v. Railroad Co., 150 Mass, 178, 22 N. E.

890. But we are of the opinion that there is no uncertainty in this case, as it is clear the judgment in the former case was conclusive that the defendant was not liable for the value of the plow. If he was not liable for its value in that action, he cannot be held liable for its value in this action, though the plaintiff seeks to recover in effect the value of the plow in the form of a note purporting to have been guarantied by the defendant. It seems to us absurd to say that, while the plaintiff is estopped from again maintaining his action for the value of the plow as such, he may nevertheless recover its value in this action, because the father gave in payment for the plow, or as collateral security therefor, the note now sued on. The act of the father in transferring the note belonging to the defendant and indorsing in defendant's name a guaranty thereon, if he was not authorized by his son to purchase the plow, was clearly unauthorized, and so the jury must have determined by their verdict. The views here expressed lead to the conclusion that the court was right in directing a verdict in favor of the defendant; there being really no conflict in the evidence, and the question being purely a legal one. The judgment of the circuit court is affirmed.