## TURNER TOWNSHIP v. WILLIAMS.

1. Where defendant pleaded a previous judgment in bar, and sought to introduce in evidence the judgment roll in such case, and plaintiff objected without stating any of the particulars on which the foundation for its introduction was considered defective, the fact that the various papers specified in the offer were sufficient to constitute a judgment roll, and are so denominated by counsel for plaintiff, destroys the effect of their contention that it was incumbent on defendant to first show that such papers had been attached together and filed as required by Rev. Code Civ. Proc. § 319.

2. Though a judgment of trespass was paid by a township, as officers of which the defendants had justified, and had claimed that the land entered was a public highway, it was not conclusive against the township, in a subseqtent suit against the judgment plaintiff to restrain him from obstructing the public highway, where it does not appear that the judgment defendants were sued in their official capacity, or that it was pleaded in that suit that the acts for which the judgment was given were performed on the highway.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Turner county; Hon. E. G. SMITH, Judge.

Action by Turner township against Richard Williams for an injunction. From a judgment in favor of the plaintiff, defendant appeals. Affirmed.

*Hosmer H. Keith* and *L. L. Fleeger*, for appellant.

*French & Orvis* and *Alan Bogue, Jr*, for respondent.

FULLER, J. The exact location of the section line between the southwest quarter of section 25 and the southeast quarter of section 26, township 97, range 52, is the controlling question in this action to permanently restrain the defendant from obstructing a public highway existing for more than 20

years on a north and south section line which extends through Turner township.   In disposing of this appeal it is also necessary to determine whether respondent township is precluded by a previous judgment pleaded in bar and sought to be introduced in evidence, together with other papers, constituting a judgment roll in the case of Richard Williams, plaintiff, against S. W. Hammond and Sydney Hammond, defendants. The court sustained an objection made by counsel for respondent to the effect that no foundation had been laid for the introduction of the judgment roll in evidence; that it appears upon its face that the litigation was not between the parties to this action; that the issues were other than such as relate to the section line road in question; and for the further reason that the same is incompetent, irrelevant, and immaterial.   At the time the objection was made no particulars in which the foundation was considered defective were mentioned, and the fact that the various papers specified in the offer were sufficient to constitute a judgment roll, and are still so denominated by counsel for respondent, destroys the effect of their contention that it was incumbent upon appellant to first show that such papers had been attached together and filed as required by section 319 of the Revised Code of Civil Procedure.  It being thus conceded that the identical judgment roll in question was produced and marked for identification for the purpose of introducing the same in evidence, there is no escape from the conclusion that there was actually a judgment roll, which, of necessity, is conclusive upon the proposition that the acts required by statute and essential to its existence had been performed.   Moreover, there was attached to this record, when offered, an execution, together with the officer's return there-

on, and a satisfaction of the judgment, which, under the circumstances, rendered unnecessary any further identification or foundation, for the reason that a judgment roll is absolutely essential to such proceedings. The objection, so far as it relates to the foundation for the introduction of such record, is not sustainable. It appears therefrom that the action of Richard Williams was against the two Hammonds personally for damages occasioned by their alleged trespass upon his premises in the following manner: "April 22, 1896, and on divers other days and times between that day and the commencement of this action, the defendants wrongfully, maliciously, and with intent to injure and oppress the plaintiff, broke and entered upon plaintiff's lands, to-wit: the southwest quarter of section twenty-five (25), in township ninety seven (97) north, of range 52 west, in Turner county, South Dakota, then and there in the possession of plaintiff, and broke open, forced, cut, and broke to pieces, injured, and destroyed the plaintiff's fences around, in and upon said lands, and trampled down, drove over and upon, damaged and despoiled the grass, growing grain, and crops of the plaintiff on said lands, and also with feet, horses, wheels, and wagons tore up, subverted, damaged and spoiled the earth and soil of said premises. And also took and moved from their places on said premises and lands of the plaintiff large quantities of stones, and piled up and threw the same into certain ditches and low places upon said premises, with the earth and rubbish of said premises." Jointly answering the foregoing complaint, the Hammonds denied that Williams owned or was entitled to the possession of any portion of the land upon which the acts complained of were done, and they averred that the same constitutes a portion of a public

highway within the township of Turner, of which they held, respectively, at the time alleged, the official positions of chairman of the board of township supervisors and road overseer of the district. A trial of the issues thus raised resulted in a verdict and judgment against the Hammonds and in favor of Williams for $20 damages and the costs of the action. In connection with his attempt to introduce the judgment roll, counsel for appellant offered to show by parol that the Hammonds "justified as township officers, and claimed that where these acts of trespass that were complained of were done was the section line highway; that the township paid all the expense of the litigation, including the judgment; that the issue in that case was whether this was a section line or not, and that the place mentioned and referred to by the said Hammonds in their said answer is the same identical place as the line in question."

While the answer in this action does not state that the former action was defended at the expense of the plaintiff township, it is alleged that the township paid the judgment for damages and costs, amounting to $164.90, and the proffered testimony, if competent, might have been admitted, perhaps, without filing an amended pleading. According to the well-settled policy of the law, the judgment of a court of competent jurisdiction on the merits is a bar to a subsequent action between the same parties or their privies when the subject-matter is identical, and the same evidence is relied upon to prove the issues raised by the pleadings. Now, the complaint and answer in the case of Williams against the Hammonds clearly shows that the parties, as well as the rights sought to be enforced, are not the same as in the present action, and, if the section line in dispute, or anything common to both actions,

came collaterally in question, there is nothing in the former judgment to sustain an inference to that effect. While the defendants attempted to justify as officers of the township, they were not sued in that capacity, and there is no allegation, either in the complaint or in their answer, that the acts for which they were finally adjudged to respond in damages were performed on a section line highway. It is said in Bouvier's Law Dictionary that: "In order to make a matter res judicata, there must be the concurrence of the four conditions following: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and the parties of the action; (4) identity of the quality in the person for or against whom the claim is made." In the former action neither of the present parties were sued nor called upon to answer for a grievance of any kind, and not until the commencement of this action was appellant charged with the wrongful conduct alleged in the complaint, and to restrain which the action was instituted. Respondent township was not the real party in interest in the former suit, and the mere fact that the expense of that litigation and the judgment were paid out of its treasury is not sufficient, under the circumstances, to render such judgment res judicata. The trial court was therefore justified in sustaining counsel's objection to the introduction of the judgment roll in evidence and in rejecting parol testimony regarding incidental facts not necessarily within the issues there presented. In finding all the issues of fact in favor of respondent, the court below is abundantly sustained by the evidence, all of which has received most studious consideration.

No errors of law having occurred at the trial, the judgment appealed from is affirmed.