### SURVIVAL OF CAUSE OF ACTION FOR INJURIES.

Court of Appeals for Belmont County.

ANDREW H. SLOAN, ADMINISTRATOR, v. THE LORAIN COAL & DOCK CO.

Decided, December 11, 1914.

*Claim for Injuries to the Person—May be Prosecuted by an Administrator—Causes of Action Distinguished from Pending Actions— Section 11235.*

1. A cause of action in favor of a person injured by another's negligence survives the death of the injured person by virtue of Section 11235, General Code, and may be maintained by the administrator for the benefit of the estate.

2. The recovery in such case is limited to such loss of wages, pain and suffering, and the like, as the decedent himself could have recovered at the time of his death.

*J. H. Rees,* for plaintiff.
*P. P. Lewis,* contra.

METCALFE, J.; POLLOCK, J., and SPENCE, J., concur.

This action is brought by the administrator of Everett Sloan, deceased, to recover damages for injuries to said Everett Sloan by reason of the alleged negligence of the defendant. The action is brought on behalf of the estate, and it is averred in the peti-

tion that said Everett Sloan did not leave surviving him any of the persons on whose behalf a recovery could be had under the wrongful death statute. A demurrer was sustained to the petition in the court of common pleas. The question here is, does such a cause of action survive the death of the injured person purely for the benefit of the estate by virtue of Section 11235, General Code.

In the case of *Ohio & Pennsylvania Coal Company* v. *Smith, Administrator,* 53 O. S., 313, and *Railway Company* v. *Van Alstine, Administrator,* 77 O. S., 395, it is held that pending actions for such injuries survive the death of the plaintiff by virtue of Section 11397, General Code, but it is insisted that where the action had not been begun the cause of action would not survive.

Section 11235 provides:

"In addition to the causes which survive at common law, causes of action for *mesne* profits or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto."

This section seems to us susceptible of but one construction. For injuries to the person the cause of action shall survive, notwithstanding the death of the person entitled or liable thereto. The statute speaks of "causes of action" which survive, not of pending actions, and we think the reasoning in the Van Alstine case, *supra,* supports the contention in this case.

The judgment of the court of common pleas in sustaining the demurrer to the petition is reversed.