ROBINETTE, ADMR., *v.* THE MAY COAL CO.

(Decided July 2, 1928.)

*Mr. E. P. Buckenmyer,* for plaintiff in error.
*Mr. Eugene Rheinfrank,* for defendant in error.

LLOYD, J. On October 24, 1927, the plaintiff in error, Paul Robinette, administrator, as plaintiff, filed a petition in the court of common pleas against the defendant in error, as defendant, seeking to recover damages for the benefit of the next of kin for the alleged wrongful death of Lorena Estella Robinette, caused, it is claimed therein, by the negligence of the defendant. Thereafter, on February 9, 1928, plaintiff in error, whom we will call plaintiff, filed an amended petition, alleging therein substantially the same facts stated in the petition. An answer to this amended petition was filed by the defendant in error, whom we will call defendant, alleging two defenses, and subsequently an amended answer was filed, alleging these two defenses and adding thereto an additional defense, designated as a "third defense." The first defense is a general denial, the second alleges the defense of contribu-

tory negligence on the part of plaintiff's decedent, and the third pleads a former adjudication of plaintiff's alleged cause of action.

The substance of this third defense is that on October 24, 1927, the plaintiff administrator commenced an action in the court of common pleas against the defendant, being cause No. 108146; that the parties plaintiff and defendant in said action are the same parties plaintiff and defendant in this cause; that in said cause the issues made by the pleadings as to the negligence and contributory negligence are identical with the issues raised by the pleadings herein; that in said cause the plaintiff therein, who is the plaintiff herein, sought to recover damages against the defendant, the May Coal Company, for injuries sustained to the person and property of Lorena Estella Robinette prior to her decease, and at and after the occurrence which resulted in her subsequent death; that said damages, if any were recovered therein, would inure to the benefit of the estate of said Lorena Estella Robinette; that at the trial of said cause on February 21, 1928, a verdict was returned by the jury in favor of the defendant, upon which verdict judgment was thereafter entered; that the beneficiaries in whose behalf the instant case is brought are the same and only persons interested as distributees of the estate of Lorena Estella Robinette, for the benefit of which estate plaintiff prosecuted said cause; and that the judgment entered in said cause is a bar to the prosecution of the instant case, and is a full and complete adjudication and determination of the issues of negligence raised in this instant case.

The plaintiff filed a motion to strike this defense

from the amended answer of defendant, which was overruled. He then filed a demurrer thereto, which was also overruled. No reply having been filed by plaintiff to this defense of the defendant, the court thereupon granted a motion of the defendant theretofore made for judgment on the pleadings, and judgment was accordingly rendered for the defendant. The plaintiff excepted to these rulings and to the judgment, and now prosecutes error to this court to reverse this judgment of the court of common pleas.

Do the undisputed facts alleged by defendant in its third defense to the amended petition of the plaintiff bar the prosecution by plaintiff of the cause of action alleged therein?

The right of an injured person to maintain an action for personal injuries received by him through the alleged negligence of another is conferred by the common law and ''survives the death of the injured person by virtue of Section 11235, General Code, and may be maintained by the administrator for the benefit of the estate. The recovery in such case is limited to such loss of wages, pain and suffering, and the like, as the decedent himself could have recovered at the time of his death.'' *Sloan, Admr.,* v. *Lorain Coal & Dock Co.,* 3 Ohio App., 479, 21 C. C. (N. S.), 335, 25 C. D., 283.

Sections 10770 and 10772, General Code, create a statutory right of action in the administrator of a deceased person, whose death is caused by the wrongful act, neglect, or default of another, distinct and separate from that given by the common law to the injured person in his lifetime, and which upon his death survives for the benefit of his es-

tate. Any recovery had in an action for wrongful death inures to the exclusive benefit of the specific beneficiaries enumerated in Section 10772. The facts as pleaded in this third defense of the defendant clearly show that the adjudication alleged as a determination of the issues in the instant case, although nominally between the same parties, involved a different right of action, different elements of recovery, and different beneficiaries.

We are of the opinion that the principles of law announced in *Mahoning Valley Ry. Co.* v. *Van Alstine, Admr.,* 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893, are determinative of the questions involved in the instant case, and that the judgment of the court of common pleas must be reversed.

To assume that the action brought by the plaintiff under favor of Section 10770 for the benefit of the next of kin of the decedent may not be maintained, simply because no recovery was had in the action commenced by the administrator for the benefit of the estate, is to hold that the two rights of action are identical, and that a judgment for the defendant in either would bar a recovery for plaintiff in the other. The converse of this assumption would seem to lead to the obviously absurd conclusion that, if the verdict and judgment in the one case were favorable, instead of adverse to plaintiff, then, on the question of negligence at least, a verdict should be directed for plaintiff in the other.

It would seem equally as logical to say that a husband's right of action for loss of services of his wife, occasioned by the negligence of a third person, would be barred by an adverse verdict and judgment in an action brought by the wife for dam-

ages for personal injuries alleged to have been sustained by her because of such negligence.

If, after the death of plaintiff's decedent, there are, as we hold, two coexistent rights of action, then each must succeed or fail according as the evidence adduced at the respective trials determines what the verdict and judgment should be.

Defendant in its brief cites and relies upon the cases of *Johnson, Admx.,* v. *Cleveland, C., C. & St. L. Ry. Co.,* 22 C. C. (N. S.), 264, 33 C. D., 554, and *Brammer's Admr.* v. *Norfolk & W. Ry. Co.,* 107 Va., 206, 57 S. E., 593. It would seem that counsel in the *Johnson case* must have failed to cite to the Circuit Court the opinion of the Supreme Court in the *Van Alstine case,* and, although the *Brammer case* decides the question for Virginia, it can hardly be accepted as authority for Ohio, especially since it is there held, contrary to the decision in the *Van Alstine case,* that in case of injury, and subsequent death therefrom, there arises but one cause of action, and can be but one recovery therefor. In a note found in L. R. A., 1915E, at pages 1100 and 1124, many cases are collected, showing the conflict of opinion which admittedly exists; some of them in harmony with the decision in the *Van Alstine case,* others opposed thereto.

The judgment of the court of common pleas is reversed, and the action remanded to that court, with directions to sustain the demurrer of plaintiff to the third defense of the amended answer of defendant, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

RICHARDS and WILLIAMS, JJ., concur.