G. C. MILLSAPS *v.* SAVANNAH CROFTS, ADMR̀X.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

JOHNSON & COX, JAS. B. WRIGHT and C. H. MCKINNEY, for plaintiff in error.

RAY H. JENKINS, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This case was heard upon a stipulation of facts. Mrs. Crofts, as administratrix of her husband, B. T. Crofts, instituted this suit to recover $400, the value of an automobile destroyed at the time her husband was negligently killed by the plaintiff in error.

Mrs. Crofts, as widow of B. T. Crofts, and before she qualified as his administratrix, recovered judgment for his wrongful death in the sum of $9,500. She did not recover for the automobile in that suit.

The plaintiff in error, being of the opinion that she had split her cause of action, filed a plea of *res adjudicata*.

The only question for decision is whether, under the facts stated, said plea is good. The trial court held that it was not and entered judgment in favor of the administratrix for $400. This was correct. Mrs. Crofts, as surviving widow, was authorized by statute to prosecute a suit for damages for the wrongful death of her husband, and any recovery had was exempt from the claims of his creditors. No one but the personal representative of the deceased could legally prosecute a suit for the injury to the automobile, and a recovery therefor was subject to the claims of his creditors.

One of the essential elements of *res adjudicata* is that the parties in the two suits are the same, which is not true in these cases.

In 15 Ruling Case Law, pp. 1012-1013, it is said:

"It is a well established principle that a former judgment does not have the effect of *res judicata* and is not admissible as conclusive evidence of a 'material fact therein adjudicated unless the second suit is not only between the same parties but between them in the same right or capacity. A party acting in one right can neither be benefited nor injured by a judgment for or against him when acting in some other right. . . . So where statutes provide for recovery of death damages by a personal representative for the benefit of the decedent's estate, and also for the benefit of the widow and children, the two actions, although prosecuted by the same personal representative, are not in the same right; and hence a recovery and satisfaction in one case is not a bar to a recovery in the other."

In 34 Corpus Juris, 998, it is said:

"A party is not bound by a former judgment where he sued or defended in the one action in his individual capacity and in the other in a representative character, as guardian or next friend, executor or administrator, trustee for others, attorney in fact, assignee in bankruptcy or insolvency, receiver, or member of a corporate board, unless in any of these instances he was made a party to the first action in both capacities, or the scope of the litigation was such that all his rights or interests, held in any of his capacities, were before the court and involved in its decisions."

The decisions of this court are to the same effect: *State* v. *Lebanon, etc., Co.,* 151 Tenn., 150; *Pile* v. *Pile,* 134 Tenn., 370; *Chandler* v. *White Oak Creek Lumber Co.,* 131 Tenn., 47.; *Melton* v. *Pace,* 103 Tenn., 484.

Counsel have misconstrued the holding of this court in *Johnston* v. *Southern Railway Co.,* 155 Tenn., 639, and

cases referred to therein, where it was said that "A single tort can be the foundation for but one claim for damages." In those cases the court was dealing with situations where one party suffered different injuries as a result of a single tort. For example, in *Mobile & Ohio Railroad Co.* v. *Matthews,* 115 Tenn., 172, where by a single tort the plaintiff was personally injured and his buggy demolished. In such a case the plaintiff has but one cause of action, which he cannot split.

If, in the instant case, Mrs. Crofts, as widow, could have recovered in the first suit for the injury to the automobile, then the plea would be good. But, as pointed out above, she, in that capacity, had no cause of action for the injury to the automobile.

In the cases referred to, in using the term quoted above, there was implied a situation where the plaintiff had a right to recover all damages resulting from the wrongful act. Where by a single wrongful act several persons are injured, each has a separate cause of action, and one could not sue for injuries to another, with certain exceptions provided by statute. The rule announced in the cases referred to is that a person can maintain but one action for a single tort. It does not mean that he can recover for injuries to another resulting from the same tort.

The judgment of the trial court is affirmed.