## U S FIDELITY & GUARANTY CO v DECKER, Admr.

Ohio Appeals, 6th Dist, Lucas Co
No 2228.   Decided Dec 9, 1929

Tabor, Chittenden, Daniels & Cochrane, Toledo, for Guaranty Co.
Ralph E. Zeigen, for Decker.

WILLIAMS, J.

It has frequently been held that money so received is not assets in the sense that it is to be administered and distributed like ordinary monies of the deceased.

**Steel, Admr. vs. Kurtz, et al., 28 Ohio St., 191; Wolf, Admr. vs. Railway Co., 55 Ohio St., 517; May Coal Co. vs. Robinette, Admr., 31 Ohio App., 113.**

These cases, however, are not determinative of the question presented in the instant case.

In cases where there are no general assets of the estate but there exists only a right of action for wrongful death, by the great weight of authority, an administrator may be appointed to enforce the right.

Jordan vs. Railroad, 1 L. R. A., N. S., 885.

Under the provision of 10770 and 10772 GC. the action is brought in the name of the personal representative of the deceased person and if settlement is made without suit it is made by the personal representative with the consent of the court appointing him, and the money paid to satisfy the judgment or in settlement is received by the personal representative and distributed to the beneficiaries entitled thereto by order of the court making the appointment of the personal representative. It has generally been held, under statutes of other states, that conversion of such fund and refusal to account therefor constitutes a breach of the administration bond.

Coltra vs. People, 53 Ill., 224; Vukmirovich vs. Nickolich, 143 N. W., 226; Patterson vs. Tate, 213 S. W. 981.

There is some authority to the contrary. In view of the fact that the conclusion reached must depend largely upon the statutes in force in the jurisdiction where the action is brought, we have not attempted to collect all the cases.

Under the statutes of Ohio regulating

the conditions of the bond and those establishing the right to bring an action for wrongful death, we are of the opinion that the conversion of the assets received in settlement of a wrongful death claim and failure to account and distribute said fund as ordered by the court, constitutes a breach of a bond given pursuant to the statutes.

In accordance with provisions of **10618 GC.** the bonds are conditioned that the administrator should render upon oath a true account of his administration and pay any balance remaining in his hands upon the settlement of his accounts to such persons as the court appointing the administrator directs. The administrator received the funds in question as administrator and he could not make a complete account of his administration without accounting for such funds, and the provision requiring him to pay over the balance remaining in his hands upon the settlement of his accounts applies to the fund so received. It is true, the administrator holds the fund so received as trustee for the beneficiaries entitled thereto, but he is also trustee in his capacity as personal representative. It was the apparent intention of the General Assembly to designate the administrator as the one in whose name the action should be brought and as the one who should receive and disburse the funds, because the administrator is required to give bond and account. We think a common sense construction of the statutes requires the holding that a failure to so account and pay over monies received in settlement of a death claim, when required by law or lawful order of the court so to do, constitutes a breach of a bond conditioned according to the statutes.

The surety in the instant case was a paid surety and the rule of strict construction ordinarily invoked in favor of a private, volunteer surety does not apply.

**Indemnity Co. vs. Granite Co., 100 Ohio St., 373.**

Plaintiff in error relies upon the case of **Murphy vs. Dorsey, Admr., 13 C. D., 157.** The funds involved in that case did not arise out of a right of action for wrongful death, and therefore it has no application to the instant case.

Was the action below properly brought in the name of the administrator de bonis non as plaintiff?

In the case of Vukmirovich vs. Nickolich, supra, the court had under review a judgment rendered in an action brought by an administrator de bonis non to recover for conversion and misappropriation by his predecessor of funds paid in satisfaction of a claim for wrongful death. The court in its opinion at page 27 uses language which is instructive in the present inquiry, and we quote:

(Here follows quotation)

We are strengthened in our position, moreover, by statutory enactment. Under the provisions of **10634 GC**, the administrator de bonis non is given express power to maintain a suit against a former administrator and his sureties on the administration bond for all damages arising from the maladministration or omissions of the former administrator. The administrator de bonis non may therefore maintain the action for damages for breach of the bond of his predecessor.

The court below did not err in overruling the demurrer and the judgment of the court will therefore be affirmed.

Richards, J., concurs. Lloyd, J., dissents.