KEITH, Appellant, v. WILLERS TRUCK SERVICE, et al, Respondents.

(266 N. W. 256.)

(File No. 7883.   Opinion filed April 7, 1936.)

*Tom Kirby*, of Sioux Falls, for Appellant.

*Churchill & Benson,* of Huron, and *L. E. Waggoner,* of Sioux Falls, for Respondent.

ROBERTS, J. This action was commenced by plaintiff as special administrator and sole beneficiary seeking to recover damages for the alleged wrongful death of his wife. The defendant Willers Truck Service, Inc., answered by denying any negligence and further pleaded a former adjudication of the issue of negligence. The substance of this defense is that plaintiff commenced an action in the circuit court of Lincoln county, involving the identical accident, to recover for personal injuries sustained by him; that in said action the Willers Truck Service, Inc., alleged that the driver of its truck was not negligent and that the collision resulted solely from the negligence of William Keith who was then and there driving the car in which plaintiff and decedent were riding; that the court submitted to the jury in the trial of that action the question of whether or not the defendant Willers Truck Service, Inc., was negligent and the jury thereafter returned a general verdict in favor of said defendant determining thereby that defendant company was not negligent and did not cause or contribute to the injuries received by plaintiff; and that the judgment entered in said action is a full and complete adjudication of the issue of negligence presented in the instant case. Demurrer to this defense was overruled, and plaintiff appeals to this court.

In Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195, a leading case upon this subject, the Supreme Court of the United States said: "There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * 'Where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might

have been thus litigated and determined.'" This language was quoted with approval in Howard v. City of Huron, 6 S. D. 180, 60 N. W. 803, and reaffirmed in Pitts v. Oliver, 13 S. D. 561, 83 N. W. 591, 79 Am. St. Rep. 907; Selbie v. Graham, 18 S. D. 365, 100 N. W. 755; Davis v. Davis, 24 S. D. 474, 124 N. W. 715, and Gronseth v. Brubakken, 56 S. D. 230, 228 N. W. 189. See, also, Child v. McClosky, 14 S. D. 181, 84 N. W. 769; Turner Township v. Williams, 17 S. D. 548, 97 N. W. 842; Lamro Townsite Co. v. Bank of Dallas, 35 S. D. 164, 151 N. W. 282, Ann. Cas. 1917C, 346.

██ ██ It thus appears that while a second and different cause of action may be defeated by a former judgment because it conclusively adjudicates some essential fact or issue involved in the latter, a judgment can never operate as a bar to a different cause of action. The general principles, applied in numerous decisions, may be stated as follows: First, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains unreversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different. Black on Judgments (2d Ed.) vol. 2, § 504. Under the first rule the res which is judicata is the cause of action. Under the second, the res which may be judicata is the particular issue or fact common to both actions.

In the former action plaintiff was a party in his own right. The death of Esther Keith as the result of the alleged negligence of the defendants gave rise to a cause of action to be enforced in the name of her personal representative. Sections 2929-2931, Rev. Code 1919; Rowe v. Richards, 35 S. D. 201, 151 N. W. 1001, L. R. A. 1915E, 1075, Ann. Cas. 1918A, 294; Ulvig v. McKennan Hospital, 56 S. D. 509, 229 N. W. 383; Roster v. Interstate Power Co., 58 S. D. 521, 237 N. W. 738; Kerr v. Basham, 62 S. D. 301, 252 N. W. 853. The cause of action in the instant case is separate and distinct from the cause of action in the former case, and as

regards the defense of res judicata, we are here concerned with the second rule, the conclusiveness of a former adjudication of a fact which was distinctly in issue and directly determined.

■ It is settled law that a former judgment does not have the effect of res judicata and is not conclusive of a material fact therein adjudicated unless the second action is not only between the same parties, but also between them in the same capacity or character. 15 R. C. L. 1012, and cases cited; Sonnenberg v. Steinbach, 9 S. D. 518, 70 N. W. 655, 62 Am. St. Rep. 885. The respondent contends that, although the two causes of action are different, yet the parties are essentially the same in both actions, and hence the former judgment is conclusive as to issue of negligence here involved and actually determined in the former case.

■ This court in Carlock v. Loyd, 43 S. D. 611, 181 N. W. 835, 836, recognized the following rule in determining who are parties for the purpose of determining the conclusiveness of prior judgments:

"The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as, for example, those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein."

Appellant urges that there is a want of identity of parties and in support of this contention cites and relies upon the cases of McCarthy v. Wm. H. Wood Lumber Co., 219 Mass. 566, 107 N. E. 439; Millsaps v. Crofts, 159 Tenn. 582, 21 S. W. (2d) 389; Hall v. Main (D. C.) 34 F. (2d) 528; Bennett v. Spartanburg Ry., etc., Co., 97 S. C. 27, 81 S. E. 189; and Robinette v. May Coal Co., 31 Ohio App. 113, 166 N. E. 818. These and other cases dealing with the tangible assets and debts of the estates of deceased persons present a different problem than cases involving causes of action given by a statute to a personal representative for the sole benefit of named beneficiaries. The recovery in an action for wrongful death is not for the benefit of the estate, but for the

surviving spouse and next of kin. Section 2931, Rev. Code 1919. The substance of the instant action is that the sole surviving beneficiary is suing since he only is entitled to the benefit of a recovery. He does not represent an estate and is not suing for the benefit of creditors or other persons in interest. The Supreme Court of the United States in Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U. S. 611, 46 S. Ct. 420, 423, 70 L. Ed. 757, 53 A. L. R. 1265, considering the question of identity of parties, used this language:

"In the Iowa proceeding, the widow of the deceased was a party in her own right and clearly was bound by the judgment. The action in Minnesota, however, was brought by the administrator, and the state Supreme Court, on the authority of Dennison v. Payne, supra [(C. C. A.) 293 F. 333], pages 342, 343, held that there was a want of identity of parties. The decision in the Dennison Case rests entirely on Troxell v. Delaware, L. & W. R. Co., 227 U. S. 434, 33 S. Ct. 274, 57 L. Ed. 586. The effect of the last-named case we pass for later consideration. Hope's death as the result of the negligence of the railroad company gave rise to a single cause of action, to be enforced directly by the widow, under the state law, or in the name of the personal representative, for the sole benefit of the widow, under the federal law, depending upon the character of the commerce in which the deceased and the company were engaged at the time of the accident. In either case, the controlling question is precisely the same, namely, Was the deceased engaged in intrastate or interstate commerce? and the right to be enforced is precisely the same, namely, the right of the widow, as sole beneficiary, to be compensated in damages for her loss. The fact that the party impleaded, under the state law, was the widow, and, under the federal law, was the personal representative, does not settle the question of identity of parties. That must be determined as a matter of substance and not of mere form. The essential consideration is that it is the right of the widow, and of no one else, which was presented and adjudicated in both courts. * * * Since the statutory authority of the administrator is to sue, not in his own right or for his own benefit, or that of the estate, but in the right and for the sole benefit of the widow, the same principles are applicable, in accordance with the general rule that 'whenever an action may properly be maintained or defended

by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment.' 1 Freeman on Judgments (5th Ed.) § 500. Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different (Bigelow on Estoppel, [6th Ed.] 145) ; and parties nominally different may be, in legal effect, the same. [Cases cited.]"

The Supreme Court of the United States in the earlier case of Troxell v. Delaware, L. & W. R. Co., 227 U. S. 434, 33 S. Ct. 274, 57 L. Ed. 586, considered the point of identity of parties plaintiff in two actions to recover damages for wrongful death. The first action was for the benefit of the widow and two minor children and the other was brought by her as administratrix for the benefit of herself and children. The court in the Schendel Case made this comment :

"It remains only to consider the bearing of the Troxell Case, supra, upon this point. * * * It was held, following the general rule, that, the cause of action in the two cases being different and the issue determined in the first not being involved in the second, there was no estoppel. This was decisive of the case, but the court proceeded to say that, furthermore, there was not an identity of parties in the two actions. Two former decisions of this court are cited. Brown v. Fletcher's Estate, 210 U. S. 82, 28 S. Ct. 702, 52 L. Ed. 966, and Ingersoll v. Coram, 211 U. S. 335, 29 S. Ct. 92, 53 L. Ed. 208. Both cases, following the well-established rule, simply decide that there is no privity between administrators appointed in different states, since the authority of an executor or administrator appointed in one state does not extend to the property or administration in another state. Whether, in the light of the foregoing views, we now should hold that where, as in the Troxell Case, the rights of additional beneficiaries, not actual parties to the first judgment, are involved, the requirement of identity of parties is unsatisfied, is a question we do not feel called upon here to re-examine, since we are clear that such requirement is fully met in the situation now under consideration, where the sole beneficiary was an actual party to the proceeding under the state law, and present by her statutory representative in the action under the federal law, and no other rights were involved."

See, also, In re Parks' Estate, 166 Iowa 403, 147 N. W. 850; In re Estate of Bell, 153 Cal. 331, 95 P. 372; Williams v. Southern Pac. Co., 54 Cal. App. 571, 202 P. 356; Corcoran v. Chesapeake & O. Canal Co., 94 U. S. 741, 24 L. Ed. 190; St. Louis-San Francisco Ry. Co. v. Stuckwash, 137 Okl. 251, 279 P. 683.

If the statements made in the answer are true as the demurrer admits, we conclude that the former adjudication upon the issue of negligence is conclusive.

The order appealed from is affirmed.

All the Judges concur.