## FARGO V. VINCENT.

When it is obvious from mere inspection that an answer contains a
defense to no part of the cause of action alleged in the complaint, and
neither raises nor tenders an issue of fact, the same is a nullity, and
subject to a motion for judgment upon the pleadings on the ground
that such answer is frivolous.

(Syllabus by the Court.   Opinion filed Nov. 19, 1894.)

Appeal from circuit court, Fall River county. HON.
CHARLES M. THOMAS, Judge.

Action on promissory notes.   From a judgment for plain-
tiff entered on motion for judgment on the pleadings, defend-
ant appeals.   Affirmed.

The facts are stated in the opinion.

*E. D. Norton,* for appellant.

A pleading to be frivolous must be so clearly and palpably
bad as to require no argument to show its character, and must
show bad faith in the pleader on bare inspection.   Young v. Kent,
46 N. Y. 672; Cathrill v. Cranmer, 40 Wis. 555; Martin v. Neil,
8 Wis. 226; 18 Am. and E. Ency. Law, 303; Baylies C. Pl. 358;
Wilson v. Rapley, 57 N. Y., 346; Danbury v. Greeley, 12 Abb.
P. 191.

A judgment in a former action is well pleaded as a bar to a
second action when the cause of action is the same, though the
form has been changed.   Taylor v. Cassell, 43 Cal. 367.   It is
incumbent upon the plaintiff to show that the issues in this case
differ from those in the former.   Miller v. Morris, 6 Hill 114;
Rice v. King, 7 Johnson 29; Begge v. Clark, 37 Cal. 337; State
v. Railroad, 13 S. Car. 290; Saden v. Sherman, 28 Kan. 389;
Smith v. Sunstate, 16 How. 203.   Former adjudication in the
same case may be availed of by setting it up in answer.   Derry
v. St. Albans 60 Va. 1.

An entire claim or demand arising out of a single trans-
action cannot be divided into single and distinct claims and the

same form of action brought for each, or two suits maintained, without defendant's consent, 1 Am. and E. Ency. L., 184; Wayner v. Jacoby, 26 Miss. 532; Casselburg v. Forquor, 27 Ill. 170; Church v. Brown, 84 Barb. 191; Stevens v. Lockwood, 13 Wend. 646; Bendernagle v. Cooke, 19 Wend. 207.

G. M. Cleveland, for respondent.

An answer is frivolous where it is manifestly irrelevant, evasive and tends to no valid issue. Strong v Sproul, 53 N. Y. 497; Mutual v. Mayer, 49 How. 227; Griffin v. Todd, 48 How 151; Rice v. Ehelo, 55 N. Y. 518; Munger v. Shannon, 61 N. Y. 251. Notes falling due at different dates, do not constitute an entire undivisible claim or demand. Stickel v. Steel, 1 N. W. 1046; 6 How. Pr. 229.

FULLER, J.    The complaint herein is in the usual phraseology, and states 13 distinct causes of action, each being based upon an overdue promissory note for $25 executed by the defendant, Joseph Vincent, to plaintiff and V. E. Prentice, on the 8th of July, 1890; the aggregate amount of which, as shown by the demand for judgment, is $400.95. It is further alleged that said V. E. Prentice sold and transferred to plaintiff his interest in the notes described in the complaint. The answer of the defendant admits all the allegations of the complaint, and in effect alleges that the notes in suit, together with 10 other notes, each for a like amount, and of even date therewith, were executed by the defendant and made payable to the plaintiff and V. E. Prentice, and that the payment of said 10 notes and the notes in suit was secured by a mortgage upon certain real property described in the answer, and that after the maturity of the 23 notes, and on the 13th day of September, 1892, plaintiff brought suit upon one of the notes mentioned in the answer as not being included in the complaint, and obtained a judgment which the defendant fully paid and satisfied; that at the time said suit was instituted, plaintiff was the owner and holder of all the notes described in the complaint in this action, and

that by reason of the facts stated above plaintiff is forever barred from maintaining any of the causes of action stated in his complaint. On the ground that the answer herein is frivolous, and on due notice to counsel for defendant, plaintiff's motion for judgment on the pleadings was sustained; and from a judgment in plaintiff's favor accordingly entered for the full amount claimed defendant appeals to this court.

It appears from the complaint that the 13 $25 notes described therein matured respectively 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 months from even date, and that all were past due and unpaid at the commencement of this suit, and we infer from the answer that no two of the entire series of $25 notes matured during the same month. To defeat the various causes of action alleged in the complaint, the defendant relies wholly upon a judgment rendered in a suit between the same parties, based upon a different promissory note, falling due at a different time, and constituting a distinct and separate agreement to pay an amount which, with stipulated interest, differs from each and every note described in the complaint. The answer conclusively shows, from inspection, that each note constituted a separate and entire demand, and the same is clearly frivolous, because it contains a defense to no part of either cause of action set out in plaintiff's complaint. Had each note been negotiated and transferred to as many different persons, it could not be urged that a judgment upon one note would defeat a recovery upon any or all of the remaining notes. Or had suit been instituted by plaintiff at the maturity of the note first due, a judgment thereon would be no bar to a recovery upon the notes that had not yet matured; and that he took no steps to enforce collection until all were due, and then brought suit upon one of the notes only, can in no manner deprive him of the right to maintain his action. Beck v. Devereaux, 9 Neb. 109, 2 N. W. 365; Badger v. Titcomb, 15 Pick. 409; Stickel v. Steel (Mich) 1 N. W. 1047; Reformed church v. Brown, 54 Barb. 193. The rule is doubtless well set-

tled that a single and indivisible demand cannot be separated and made the subject of several actions, and a debtor be thus annoyed and subjected to the expense of a multiplicity of suits; but we know of no case that holds, or rule of law that requires, the owner of several promissory notes for different amounts, maturing at different times, and constituting several and distinct causes of action, to join them in one suit, unless several actions are pending thereon at the same time, and the court orders them to be consolidated.    It is clearly obvious that the answer in this case contains not even the shadow of a defense, and is a complete exemplification of a frivolous answer to a complaint like the one before us.  The judgment appealed from is therefore affirmed.