## JEROME et al. v. RUST et al.

A "cause of action" is a wrong. It may arise from the refusal to respond to an obligation. It is also defined as a matter for which an action may be brought; the ground on which an action may be sustained, and the fact, or combination of facts, which give rise to a right of action.

J. recovered a judgment which he assigned pending appeal; the judgment defendant giving a single bond on the appeal for costs and to pay the judgment if affirmed. After affirmance, J. recovered a judgment for costs on the appeal. **Held**, a complaint on the bond by J. and the assignees to recover the amount of both judgments stated a single cause of action only, and was therefore not demurrable for misjoinder of causes of action.

Where pending appeal a judgment creditor assigned his judgment, and later, on affirmance, recovered a judgment for costs, if he was unwilling to join as a plaintiff in an action by the assignees on the supersedeas and cost bond, which was in one instrument, he could be made a defendant in the action by the assignees as authorized by Code Civ. Proc. § 90.

Where a cost and supersedeas bond were in one instrument, and the judgment was assigned before affirmance, the assignees could intervene to enforce their assigned judgment, in an action by the judgment creditor on the bond to enforce his judgment for costs on the appeal.

Corson, J., dissenting.

(Opinion filed, June 26, 1909.)

Hon. JOSEPH W. JONES, Judge.

On rehearing. Rehearing granted. Former opinion overruled, and judgment affirmed.

For former opinion, see 21 S. D. 191, 110 N. W. 780.

*Joe Kirby,* for appellant. *Muller & Conway,* for respondents.

WHITING, J. This cause is one before the court upon a rehearing; the former opinion of this court being found in 21 S. D.

191, 110 N. W. 780. The complaint herein alleges the following facts: The plaintiff Jerome obtained a judgment against one H. W. Rust in the county court of Minnehaha county. After such judgment was obtained, Jerome assigned the same to the plaintiffs Muller and Conway as security for an indebtedness. After such assignment the said defendant Rust appealed said cause to this court, and upon such appeal gave the usual bond upon appeal, conditioned both for the payment of the judgment, and also for the payment of the costs on the appeal, limiting the last undertaking to the sum of $250. This undertaking on appeal was given by said Rust as principal, with the defendant Western Surety Company as surety. Thereafter this court affirmed the appeal from said county court, and judgment for costs was entered in such county court. Execution was issued upon the original county court judgment, and also for the cost judgment, and returned unsatisfied. Then the plaintiffs, Jerome, Muller, and Conway, bring this action upon such undertaking on appeal, and in their prayer for relief they ask judgment for full amount of the two judgments above mentioned. The appellant Western Surety Company demurred to said complaint, which demurrer was overruled, and it is from such order overruling demurrer that appellant appeals. In the former opinion of this court Justice Corson reversed the order overruling such demurrer.

The demurrer stated three grounds, but appellant is relying, upon this appeal, upon one of these grounds only, to wit, that several causes of action have been improperly united. We are inclined to the view that the trial court was correct in overruling such demurrer, and that the former judgment of this court cannot be sustained. It is the theory of the respondents that there is only one cause of action alleged, and furthermore that, even if it could be held that, owing to the fact that the undertaking is security for both judgments, there are two causes of action alleged, one upon each judgment, yet under the assignment to Muller and Conway they take the same interest in the cost judgment that they do in the original county court judgment, and that therefore the two causes of action would be properly united. This not being a demurrer on ground of misjoinder of parties, we do not find it neces-

sary to pass on this last contention, and do not wish to intimate any view thereon, but we are of the opinion that the respondent is right in the first contention, namely, that but one cause of action is set forth in the complaint.

Justice Corson in the former opinion of this court takes the view that the respondents Muller and Conway have no interest in the cost judgment, and, further, as we understand his views, that there are two separate causes of action. He cites, as sustaining his view, Nagel et al. v. Lutz et al., 58 N. Y. Supp. 816. By referring to his opinion, or to such case itself, as reported, it will be found that this was an action brought by Nagel and one Callahan against Lutz and others upon an instrument in words and figures as follows: "Buffalo, N. Y. May 19, 1898. On demand, after 30 days, we promise to pay to the order of John F. Nagel seven hundred fifty ($750) dollars, also to Charles H. Callahan the sum of seven hundred fifty ($750) dollars, with use." The above instrument was signed by Lutz and others. It will readily be seen that this instrument contained in itself two entirely separate and distinct contracts, either one of which could be broken without in any manner affecting the other. It will also be seen that these contracts were agreements to make payments not to one person, but to two different parties. If in the case at bar the plaintiffs and respondents were suing the defendant Rust upon the two judgments, there would be some analogy between such action and the New York case, because in such case there would be two separate causes of action. Judge Corson cites several authorities, which were cited in the above New York case. We have examined all of these, and found none in any wise analogous to the case at bar.

Bliss, in his work on Code Pleading (2d Ed.) § 113, says: "We have defined an action to be a judicial proceeding for the prevention or redress of a wrong. The cause of action, then, is the wrong." In the same section, in speaking of what may be considered a wrong, he states that "the wrong may be done by the refusal to respond to an obligation." Among the definitions of a cause of action in 6 Cyc. 705, are the following: "Matter for which an action may be brought;" "the ground on which an action may be sustained;" "the fact or combination of facts which give rise to a

right of action." Bliss, in section 118, says: "It is a rule that the cause of action—as one springing from a single contract—cannot be so split as to authorize more than one action." Further Bliss cites the words of Judge Cowen, in the case of Bendernagie v. Cocks, 19 Wend. 207, wherein he says: "All damages arising from a single wrong, though at different times, make but one cause of action; and all debts and demands already due by the same contract make one entire cause of action." Bliss also refers to the test stated by Judge Strong of the New York Court of Appeals, in the case of Secor v. Sturgis, 16 N. Y. 548: "The case of a contract containing several stipulations, to be performed at different times, is no exception."

If the respondent Jerome alone were suing, we would apprehend that there would have been no claim by any one that two causes of action were united in the complaint. It is true that two different matters were secured by this one undertaking, but this undertaking runs to one person, and a breach thereof gives but one cause of action. The amount of relief which may be recovered depends upon the extent of the breach, to wit, as to whether the matters secured by such undertaking had been in part paid or not. Undoubtedly, under section 90 of the Code of Civil Procedure, if the plaintiff Jerome had been unwilling to join as plaintiff, he could have been made a defendant; and, furthermore, if Jerome had brought this action alone as plaintiff, under section 96 of the Code of Civil Procedure, Muller and Conway would have had a right to intervene to protect their rights.

It being therefore clear that but one cause of action is set forth in the complaint herein, and the only ground of demurrer before us being that claiming misjoinder of causes of action, the order of the trial court overruling the demurrer should be, and the same is, affirmed, and the former opinion of this court is overruled.

CORSON, J., dissents.