A. C. HARRIS, Appellant, v. ED HESSIN, Respondent.

(179 N. W. 698.)

**Appeal and error — on reversal of directed verdict for defendant, new trial granted; refusal to dismiss action after remand held not an abuse of discretion.**

    1. An action is brought to recover for money had and received, and for the purchase price of certain merchandise.

    The court directed a verdict in favor of defendant and for dismissal of the action, which, for reasons stated in the opinion, is *held* to be reversible error.

**Judgment — pleading of res judicata held without merit.**

2. The defendant interposed a plea of *res judicata*. For reasons stated in the opinion, it is *held*, that such plea had no application, and, in this case, was without merit.

Opinion filed October 1, 1920. Rehearing denied October 15, 1920.

Appeal from the County Court of Ward County, *Percy Crewl,* Judge of the County Court of Renville County, North Dakota, sitting for and at the request of Wm. Murray, Judge of the County Court of Ward County, North Dakota.

Reversed and remanded.

*Palda & Aaker,* for appellant.

The burden of proving facts such as would be a bar or estoppel on the ground of *res judicata* is upon the party alleging same. Hanchey v. Coskrey, 81 Ala. 149, 1 So. 259. See 23 Cyc. 1536, ¶ 4 and cases cited.

Extrinsic evidence may be heard, and the question is to be decided by the aid of such evidence, and not by the inspection of the record alone. Hartman v. Pittsburg Inclined Plane Co. 23 Pa. Super. Ct. 360; Fahey v. Esterley Mach. Co. 3 N. D. 220; Coyle v. Due, 28 N. D. 400; Horton v. Emmerson, 30 N. D. 258.

*Campbell & Jongewaard,* and *Bradford & Nash,* for respondent.

Parol evidence is not admissible either to create or to annul the estoppel arising from a judgment. 23 Cyc. 1534.

No evidence inconsistent with the record and the judgment can have any effect or be adduced. 23 Cyc. 1541.

The record itself is the sole and conclusive evidence. 23 Cyc. 1542.

GRACE, J. This appeal is from a judgment of the county court of Ward county. The action is one by the plaintiff against defendant, to recover $398 and interest, money had and received by the defendant from the plaintiff.

The complaint is in the ordinary form. The answer is a general denial. An amended answer was served during the trial, which included a general denial and also set forth a plea of *res judicata.* A reply was interposed to the amended answer, which sets forth that the issues involved in the action of Hessin against Harris, previously tried in the

district court of McHenry county, are entirely distinct and different from the issues in the present action. Further reference to this matter will be made later in the opinion.

The issues in this action were tried to a jury, and the court, on the motion of defendant, directed it to return a verdict in his favor, which it did.

The appellant specifies three assignments of error; viz., that the court erred in directing the jury to return a verdict in favor of the defendant and against plaintiff, and for the dismissal of the above-entitled action; (2) that the court erred in ordering judgment to be entered in the above-entitled action, under the direction of dismissal of the same; (3) that the court erred in allowing amendment of defendant's answer during the trial of the action, the same thereby changing the issues of the lawsuit. The third assignment of error, at the time of the oral argument before this court, was abandoned, and no further notice need be taken of it.

The facts are few and simple. The plaintiff claims to recover for money had and received by the defendant from plaintiff, and for merchandise furnished by the plaintiff to the defendant. These were the only matters involved in the case, until, during the trial, the defendant amended his answer so as to set up the plea of *res judicata*.

The former action was brought by Hessin v. Harris on a promissory note, in the sum of $500, bearing interest at 7 per cent per annum from date, and it was tried in McHenry county, in the district court.

The complaint in that action admitted the payment on the note of $50, made November 19, 1907. The note was dated the 15th day of October, 1906. The answer to the complaint in that action was a qualified general denial. It also denied that the plaintiff was the owner and holder of the note. It further alleged that the said note, if any exists, is the obligation of M. Zeer & Company, a copartnership doing business in . Pierce county, North Dakota. In that case, the defendant made a motion to amend the foregoing answer, so as to include an allegation that the note had been paid. The amendment was not allowed, and the defendant was not permitted to put in any evidence with reference to payments, if any, made upon the note.

With reference to the amendment the defendant, in his brief, has the following to say:

"The case came on for trial in the district court of McHenry county, before a jury. Mr. L. J. Palda was the attorney for Mr. Harris. The record discloses that, at that late date, the following proceedings were had: We regret that, owing to my own absence and Mr. Nash's trial of this case, that this portion of the record did not go into evidence in this case.

"Mr. Palda: At this time, if the court please, the defendant asks leave to amend the answer in this case, by putting in paragraph 4, alleging that said note has been fully paid.

"Christianson: Objected to.

"Court: Sustained. Motion to amend denied.

"The case proceeded, Judge Palda trying to put in evidence and being ruled out in this regard, by the court."

Assuming that to be the record in the former case, and we think it is, or the defendant would not have quoted it; and assuming further that that record is one of which this court might take judicial notice, and we think it is such a record; and considering further that each counsel on the hearing before this court admitted that the amendment was offered in that case and denied,—we think it fully appears that such amendment was offered and denied.

We think this matter is not really in dispute. From this, it would appear that the defendant in that case was prohibited from there alleging or proving payment. If he might or should have done so, the answer to that is, that he was not permitted to do so.

If the amendment had not been offered and denied, and proof offered of payment, and that also denied, then the question might arise whether the defendants should not have offered proof of payment, under the theory that that question should have been litigated in that case. That question was not, however, litigated in that case, and the defendant was prohibited from doing so.

The question of payment not having been presented there, by reason of the defendant being prohibited from doing so, it is difficult to understand how the principle of *res judicata* invoked here has any application, and we are convinced that it has not.

The complaint in the former action alleged a cause of action on a promissory note, for $500, with interest at 7 per cent from October 15,

1906.  It also alleged the payment thereon of $50, on November 19, 1907.

That case was tried to a jury, and it returned a verdict in favor of the plaintiff, Hessin, for the sum of $500, with interest thereon at the rate of 7 per cent per annum, from the 15th day of October, 1908, less the sum of $50, with interest from November 19, 1907, at 7 per cent, and judgment was entered accordingly.

In the present case, Mr. Palda gave the following testimony:  "In the case of Hessin v. Harris, tried in McHenry county, this was an action on a note.  The defense interposed by Mr. Harris's attorney, Mr. Brainard, was as set forth in exhibit 'C,' being the answer to exhibit 'B,' the complaint and summons.  In the trial of the action we were called in and looked after that feature, and in the trial the issue raised was whether or not the note was a company note or whether one of individual liability.  Mr. Harris states that it was a company note of M. Zeer & Company.  There was no claim by a specific payment, by the company of the note, and that was not put in as a defense, and proof of payment could not have been made at that time, because it was not in issue, and could not have been plead.

"The issue in this case (Hessin v. Harris) was merely individual liability, and the question of payment was not involved."

The note, which was involved in the Hessin v. Harris case, is not before us; neither is there a copy of it with the record.  We do not know whether the note was signed by M. Zeer & Company, or by Harris, individually, though the plaintiff, in his brief, states the note was an ordinary promissory note, signed by M. Zeer & Company.  But, in any event, the principal issue in that case was whether or not Harris was individually liable upon that note, and the further issue joined by the general denial in the answer, which denies the execution and delivery of the note.

It would seem, however, that, if defendant in that case were a member of the firm of M. Zeer & Company, that whether the note were signed by M. Zeer & Company or by the defendant, would be immaterial; for, in either event, the defendant might be liable, and by the evidence in that case, it was found that he was so liable for the payment of that note.  The fact that he was a member of the partnership, or of that company, and that he claims the note was that of the company, and

not his individually, would not prevent his pleading payment. If he were liable on the note, either as a member of the company or as an individual, he could have pleaded payment, if payments were made. This, he did not do in his original answer, but asked leave to do so at the time of the trial, which was refused. From what has been said, we conclude the matters at issue in the present action are not *res judicata.*

This case has been before this court before and was sent back for a new trial. Defendant claimed that the case should be dismissed, in that it was not brought on for the new trial within a year. After the expiration of the year, defendant made a motion before the county court, where the action was triable, to dismiss it for that reason. The court denied that motion. At the opening of the trial, the motion was renewed and again denied. Defendant bases his claim of right of dismissal on § 7845, Comp. Laws 1913.

As we read that statute, it is discretionary with the trial court, whether, after the expiration of a year from date of the order granting a new trial, it shall, upon proper application or motion made, dismiss the action or retain it for trial. In this case, the court having denied the motion to dismiss the case, it was properly retained on its calendar for trial.

We think this fully disposes of defendant's contention in this regard, and in view of the fact that the trial court retained the action for trial, and refused to dismiss it, thereby exercising its discretion in that regard, and there appearing to be no abuse of its discretion, it must be held that the trial court committed no error in refusing to dismiss the action.

Defendant contends that the evidence is insufficient to establish plaintiff's cause of action. We think the evidence is sufficient, however, to, in part, establish her cause of action, but is not sufficient to warrant reversing the judgment and ordering judgment in her favor. We think the proper course to pursue is to reverse the judgment and grant a new trial. We think that the exhibit "3," which was properly introduced in evidence, to some extent establishes plaintiff's cause of action. There is no admission nor proof by the defendant that this has ever been credited. It was not indorsed on the note, nor was there any proof that

it has been allowed upon the judgment or in any other manner. It is certain, however, that it has been paid.

There is also some proof as to a certain $25 payment. While the proof is not as clear regarding that payment, as well as the bill of goods, wares, and merchandise received by the defendant, we think, there is no evidence that the plaintiff has received credit for these amounts; and we think there is some evidence, even though not of the highest character, that the defendant received the $25 payment and the merchandise.

While the proof in support of plaintiff's claim is not in such condition that a judgment should be ordered upon it, it is sufficient to warrant granting a new trial. The interest of justice requires it.

Defendant should not be permitted to recover all that plaintiff owed him, and neglect and refuse to give credit for the moneys, merchandise, etc., received from the defendant. Perhaps, also, there is some of plaintiff's evidence which was incompetent under subdivision 2 of § 7871, Comp. Laws 1913. Any evidence which is squarely in conflict with that section, of course, is not admissible.

The plaintiff in this case, however, was in the store a great part of the time, and knew considerable about the business, and could testify, perhaps, largely from her own knowledge concerning some of the matters involved in this litigation; and we think she did to some extent so testify.

We do not think that, as the matter stands now, the appeal should be dismissed, on the ground that plaintiff had failed to bring up the record. We think a new trial should be had for the purpose of determining the real issues in this case. If the plea of *res judicata* had not been set up at the trial, the case would there have been disposed of upon its merits.

As we have seen, the plea of *res judicata* was without merit, and the case should be tried on its merits, with that plea excluded.

The judgment appealed from is reversed, and the case is remanded for a new trial.

Appellant is entitled to her costs and disbursements on appeal.

ROBINSON and BRONSON, JJ., concur.

BIRDZELL, J. I dissent.

CHRISTIANSON, Ch. J., being disqualified, did not participate.