## CARR et al., Appellants, v. PRESLAR, Respondent
### (47 N. W.2d 497)
(File No. 9142. Opinion filed April 17, 1951)

**Davenport, Evans, Hurwitz & Smith**, Sioux Falls, for Plaintiffs and Appellants.

**Mason & Delzer, White River, M. Q. Sharpe**, Kennebec, for Defendant and Respondent.

SMITH, J.  The complaint of plaintiffs, Jay R. Carr and Louie Krogman, prays for a judgment declaring their right to 5% of the oil and gas royalty reserved in a lease of Texas land owned by defendant, Benjamin F. Preslar.  On the ground that plaintiffs' cause of action merged in a judgment entered in a previous action between the parties and is res judicata, the trial court entered judgment for defendant. The validity of that conclusion of law of the trial court is presented for decision by this appeal of the plaintiffs.

The facts which gave rise to the litigation between the parties are largely undisputed.  They live in Mellette county, South Dakota.  In January 1948 the defendant, Preslar, received a telegram from one Robert M. Payne of Midland, Texas, offering to buy an oil and gas lease of the Texas land in question for a primary term of ten years for $9,600 cash and $1 per acre annual rental.  Thereafter defendant and plaintiffs entered into a contract in writing by which they agreed that plaintiffs should transport defendant to Texas, and there employ their best efforts and ability to assist defendant in disposing of the oil and gas rights in his land for

a commission of 5% of the consideration received over and above the original offer of Mr. Payne. Thereupon the parties journeyed to Texas and negotiated a royalty lease with Mr. Payne. The lease provided for a primary term of ten years, a bonus or cash consideration of $11,165, a delay rental of $1 per acre per annum, and one-eighth royalty of the oil and gas produced thereunder. While the parties were in Texas defendant executed and delivered to plaintiffs an instrument entitled a "Mineral Deed" which in terms granted, conveyed and transferred to plaintiffs an undivided one-twentieth interest in all of the oil, gas and other minerals in and under the Texas land in question.

Thereafter in April 1948 the previous action was commenced by Preslar, the defendant herein, against Carr and Krogman, plaintiffs herein. The complaint set forth the factual background we have recited and alleged in substance that the defendants therein, Carr and Krogman, had procured the above-described mineral deed from him by falsely and fraudulently representing to him that it was the compensation due them under the written agreement of the parties. That complaint further alleged that $78.25 was due to Carr and Krogman for their services, and tender was made of that amount as payment in full of their services. The prayer of the complaint was for cancellation of the above described mineral deed, and that the defendants therein be required to reconvey by like instrument.

The answer of Carr and Krogman in the previous action denied plaintiff's allegation of fraud, alleged the undisputed facts we have stated supra, and then continued in words as follows: "That in compliance with the contract made and entered into by and between plaintiff and defendants hereinbefore mentioned, the said plaintiff thereupon made, executed and delivered to the defendants a Mineral Deed conveying to the defendants five per cent (5%) of his one-eighth royalty, hereinbefore mentioned, and promised to pay to defendants the further sum of $78.25, being the amount due them for the cash received by plaintiff over and above the $9600.00 offered by telegram, which said sum of $78.25 is now due and no part of which has ever been paid."

The prayer of the answer was for judgment against Preslar for $78.25 and costs.

Thereupon Preslar served a motion for judgment on the pleadings. In substance he requested that the court enter judgment (a) for Carr and Krogman against him for $78.25, (b) for him against them cancelling the described mineral deed and (c) requiring them to reconvey by like deed.

At the same time Carr and Krogman moved to amend that portion of their answer quoted supra so as to substitute therefor words as follows: "That in compliance with the contract made and entered into by and between plaintiff and defendants, hereinbefore mentioned, the said plaintiff thereupon made, executed and delivered to the defendants a Mineral Deed conveying to the defendants five per cent (5%) of the mineral rights in the said land hereinbefore described; that the execution of the said mineral deed was a mutual mistake of all parties concerned in the matter; that it was intended that the said plaintiff make, execute and deliver to the defendants a Royalty Deed conveying to the said defendants five per cent (5%) of the royalty reserved to the said plaintiff by the terms of the oil and gas lease hereinbefore described, and the defendants tender into Court, for the benefit of the plaintiff, a Mineral Deed reconveying the five per cent (5%) of the mineral rights in the said land to the plaintiff, which deed is duly executed by the defendants, and that the plaintiff be required to make, execute and deliver to the defendants a Royalty Deed conveying to the said defendants five per cent (5%) of the royalty reserved to the plaintiff in the said oil and gas lease heretofore mentioned, in compliance with the contract made by and between plaintiff and defendants, wherein the said plaintiff agreed to convey to the defendants five per cent (5%) of any royalty reserved to the plaintiff as alleged in paragraph 2 of defendants answer." The motion also sought to amend the prayer of the answer so as to pray for judgment requiring the delivery of such a royalty deed as the amendment describes.

These two motions were heard and considered together. The motion to amend the answer was denied and the mo-

tion for judgment on the pleadings was granted. Accordingly judgment was entered for Preslar against Carr and Krogman cancelling the mineral deed and requiring them to reconvey by like deed, and for Carr and Krogman against Preslar for an amount equal to $78.25 less the costs taxed for Preslar.

Carr and Krogman reconveyed and they did not appeal from the judgment so entered. Preslar deposited the amount of the money judgment with the clerk where it remains.

The present action was thereafter commenced by Carr and Krogman as plaintiffs. In their complaint they allege that Preslar agreed to compensate them for their services above described by paying them 5% of all of the consideration received by Preslar for the lease of the described gas and oil rights in excess of $9,600; that under the terms of their contract they are entitled to a 5% interest in the royalty reserved in the lease to Mr. Payne; and that Preslar refuses to recognize that right. They pray for a judgment declaring the right alleged as aforesaid.

Among other defenses Preslar by his answer alleges that the cause of action of Carr and Krogman merged in the judgment in the previous action and is res judicata. The trial court sustained that defense.

In substance, it is the position of Carr and Krogman that the court in the previous action refused to consider and determine the merits of their claim to 5% of the royalty reserved by the lease to Mr. Payne, and therefore the doctrine of res judicata is not invoked by the record. We sustain that contention.

■ ■ The doctrine of res judicata was under consideration in Keith v. Willers Truck Service, 64 S.D. 274, 266 N. W. 256, 257, 104 A.L.R. 1471. It was there written: "First, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains unreversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined

by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different. Black on Judgments 2d Ed.) vol. 2, § 504. Under the first rule the res which is judicata is the cause of action. Under the second, the res which may be judicata is the particular issue or fact common to both actions."

In that case this court quoted the words of Mr. Justice Fields in Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195. It serves our present purposes to reproduce that passage. "There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * 'Where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined.' "

■ Another universally accepted principle of the doctrine of res judicata is that a single or entire cause of action cannot be split so as to constitute the basis of more then one suit, and that recovery on any part of such an entire claim merges the whole and bars another action to recover the residue. 50 C.J.S., Judgments, § 661; 30 Am.Jur., Judgments, § 173; Freeman on Judgments, 5th Ed., § 596; and Restatement, Judgments, § 62. Such a cause of action pleaded as a counterclaim is subject to this principle and a judgment thereon for a part of the claim will result in a merger

and preclude another action to recover the residue. 50 C.J. S., Judgments, § 684 b. (1).

■ For the purpose of applying these principles it is settled that the facts which establish or give rise to the right of action a party seeks to enforce constitutes his cause of action. Jerome v. Rust, 23 S.D. 409, 122 N.W. 344; 50 C.J.S., Judgments, § 648; 1 Am. Jur., Actions, § 2; and Freeman on Judgments, 5th Ed., § 678.

In the course of argument there has been some mention of the distinction between a mineral deed and a royalty deed. As the parties seem to agree that the mineral deed delivered to Carr and Krogman conveyed to them an interest or share in the owner's reversion, and, to that extent at least, it transferred something greater and different than Carr and Krogman claim as due to them under their contract, we think it will not be necessary to determine the precise difference between a mineral deed and a royalty deed under the law of Texas.

It will be observed that two different causes of action were pleaded and adjudicated on their merits in the former action. On the one hand, predicated upon the alleged fact that the mineral deed had been procured from him by Carr and Krogman by fraud. Preslar prayed for the remedy of cancellation. As an incident he offered to do equity by paying to defendants an amount admittedly due to them. On the other hand, Carr and Krogman claimed the right to recover a money judgment from Preslar for a balance due them for services rendered pursuant to a written contract. The judgment on the pleadings granted both the prayer of the complaint and of the answer.

The Preslar cause of action predicated on fraudulent representations was disposed of by the judgment of cancellation. The ground on which the court entered that judgment is left in doubt because the allegation of fraud was denied and the judgment was entered on the pleadings. We understand the contention to be that the trial court may have set the mineral deed aside on the theory that Carr and Krogman are not entitled to share in the royalty, and therefore that issue, which is the issue in the present action, is res

judicata. We are of the opinion we are not warranted in concluding that the former judgment of cancellation was grounded on that theory. We are afforded no other aid in determining the intention of the author of that judgment than can be gathered from its terms and the allegations of the pleadings. Read in that light the judgment evidences no more than the single fact that the court determined the mineral deed to be void. It does not evidence a holding that Carr and Krogman were not entitled to share in the royalty, and therefore supplies no support for the ruling below that the issue in the present action is res judicata.

As we turn to a consideration of the former judgment as an adjudication of the cause of action for a balance claimed as due for services rendered under their alleged contract with Preslar, which Carr and Krogman asserted as a counterclaim in the previous action, we address ourselves to the central difference between the parties.

That difference rests upon this background of fact and law. Without question the present action seeks to litigate a phase of the identical cause of action Carr and Krogman presented in their counterclaim in the previous action. For the purposes of this appeal these appellants assume that when they had completed their services for Preslar, a single or entire cause of action arose in their favor against Preslar for 5% of all of the consideration he received for the Payne lease over and above the amount of the cash consideration stated in Payne's original offer. On that basis they assert that Preslar was then obligated to pay them $78.25 and to transfer to them 5% of the royalty reserved by the lease. In recognition of the settled principle stated supra, they concede they were not entitled to split that cause of action and claim the cash in one action and the royalty interest in a subsequent action. They assume that their cause of action would have merged in the former judgment if the cause had gone to the judgment without counsel having made the motion to amend their answer. Theretofore, their counterclaim had only placed their right to $78.25 in litigation. The amendment offered to concede the invalidity of the mineral deed on the ground of mutual mistake, and to place their

whole claim for money and a share in the royalty interest before the court for adjudication. Because the court ruled the amendment out, Carr and Krogman stoutly contend that their claim for a share in the royalty has not been adjudicated on the merits and hence is not res judicata.

Preslar, on the other hand, places his feet upon the accepted principle that even an erroneous judgment is a bar to the relitigation of a cause of action, cf. 50 C.J.S., Judgments, § 618, and takes the position that if they deemed the court in error in its ruling on the amendment, Carr's and Krogman's remedy was by appeal rather than by a relitigation of their cause of action. He asserts that even though it be thought that the judgment is infected with error, it is nevertheless res judicata and bars a relitigation of that cause of action.

In argument Carr and Krogman urge the language of the Restatement of Judgments, § 67, as follows: "Where in an action the court holds that the plaintiff cannot enforce a particular claim in that action on the ground that he can enforce it only in a separate action, the judgment does not preclude the plaintiff from enforcing the claim in another action, although in the second action it appears that the holding of the court in the first action was erroneous" and the language of Comment a. as follows: "Where a party was precluded by the court from litigating a claim in the first action on the ground that it should be litigated in a separate action, the rules of res judicata do not preclude him from litigating it in a separate action; on the contrary his right to litigate it in a separate action is res judicata."

In the course of our study we have read the case of United Bank & Trust Co. v. Hunt, 1 Cal.2d 340, 34 P.2d 1001, 1004, wherein it was written: "Where counsel by timely notice call to a court's attention the pendency of other proceedings covering kindred matters and strive to have the same embraced within the scope of the inquiry, and such attempt is successfully blocked by opposing counsel, and the trial proceeds to the investigation of the specific issue before the court, counsel who were sucessful in preventing the consolidation of the issues cannot be heard later to ob-

ject to a trial of the related matters upon the ground of res judicata. The course pursued by the court and counsel in the Butte county case was tantamount to an express determination on the part of the court with the consent of opposing counsel to reserve the issues involved for future adjudication. Asher v. G. F. Stearns [Land & Lumber] Co., 241 Ky. 292, 43 S.W.2d 1012. Litigants cannot sucessfully assume such inconsistent positions."

While the foregoing authorities are not directly in point they exemplify a limitation upon the doctrine of res judicata in an analogous situation.

Directly in point is the case Harris v. Hessin, 46 N.D 330, 179 N.W. 698, 13 A.L.R. 1147. In that case although the court in the previous trial had denied a request to amend to show payment, and the judgment entered for plaintiff was not appealed, it was held not res judicata of payment so as to bar a subsequent action for money had and received.

■ The cause before us stands in this position. In the exercise of a sound discretion, we thing the trial court in the previous trial should have granted the amendment and have retained jurisdiction for the purpose of disposing of the whole controversy. Cf. SDC 33.0904, 33,0911 and 33.0914. While the record before us does not show an express objecttion to the amendment by counsel for Preslar, it indicates that they were then before the court insisting upon a judgment on the pleadings in their then state. As a direct result of the ruling of the court the claim of Carr and Krogman for a royalty interest has never been tried on its merits.

■ The doctrine of res judicata which Preslar would now employ to bar such a trial has been said to rest on two maxims, viz., "A man should not be twice vexed for the same cause" and "it is for the public good that there be an end to litigation." Freeman on Judgments, § 626; Fayerweather v. Ritch, 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193. To permit the present use of the doctrine does more than protect Mr. Preslar from being twice vexed. It makes it possible for him to succeed in defeating Carr and Krogman in their efforts to secure a fair opportunity to place their claim in litigation on its merits. In our opinion neither

justice nor sound public policy would be served by such a ruling. We therefore hold that the trial court erred in sustaining the defense of res judicata.

It is unnecessary to say that we have not considered the claim on its merits and have not intended to foreshadow an opinion on the merits.

The judgment of the trial court is reversed.

RUDOLPH, P. J., and ROBERTS and HAYES, JJ., concur.

SICKEL, J., concurs specially.

SICKEL, J. (concurring specially). I agree that judgment in this case must be reversed. The payment of the sum of $78.25 was nothing more than an acknowledgment of the agreement by Preslar to pay Carr and Krogman five per cent of the increased consideration which Preslar was to receive under the Payne lease. The judgment was not an adjudication as to the amounts which might become due to Carr and Krogman as a share of the Preslar royalties.