SODAK DISTRIBUTING COMPANY, Appellant v. WAYNE,
Respondent

(93 N.W.2d 791)

(File No. 9660. Opinion filed December 30, 1958)

**John E. Burke** and **Acie W. Matthews,** Sioux Falls, for Plaintiff-Appellant.

**Davenport, Evans, Hurwitz & Smith,** by **Ellsworth E. Evans,** Sioux Falls, for Defendant-Respondent.

RENTTO, P.J. The principal question posed by this litigation is whether the general rule against splitting a cause of action is to be applied when a subrogated insurer is involved.

On February 3, 1955 a truck owned by the plaintiff Distributing Company and carrying a cargo of its merchandise was involved in a collision with defendant Wayne's veh-

icle. Its truck and cargo were both damaged. Insurance covering damage to the cargo had been furnished by the Minneapolis Fire and Marine Insurance Company. On March 7, 1955 the Insurance Company paid the Distributing Company for the loss to its cargo. As required by the policy the Distributing Company executed an agreement which subrogated, transferred and assigned to the Insurance Company its rights and claim against Wayne for damage to its cargo.

On August 24, 1955 this action was commenced against Wayne by the Distributing Company seeking damages for injury caused its truck by the collision. On September 14, 1955 the Insurance Company instituted an action against Wayne on the claim to which it had become subrogated concerning cargo damage. On September 23, 1955 Wayne answered the Insurance Company's action denying liability. On September 26, 1955 he answered the Distributing Company's action for damage to its truck alleging among other things that the action did not lie because it was based on a cause of action which had been split. He claimed that his conduct, if negligent, gave rise to only a single cause of action which could not be divided to form the basis for multiple suits.

The Insurance Company's action was tried to a jury on January 25, 1956 resulting in a verdict and judgment for the Insurance Company which was satisfied on March 23, 1956. The judgment in that case stimulated counsel for both parties to fortify their pleaded positions in this case. Counsel for the Distributing Company in this case also appeared as counsel for the Insurance Company in its case. Wayne was represented by the same counsel in both cases. The Distributing Company asked leave to amend its complaint to allege the prior adjudication in the Insurance Company case as determinative of Wayne's negligence and the contributory negligence of the driver of its vehicle. Wayne sought leave to file a supplemental answer enlarging his former defense of a divided cause of action by alleging the proceedings had in the trial of the Insurance Company case and the judgment entered therein. It was his position that this claim had been merged in that judgment. Both requests were allowed.

Upon these pleadings this case was brought on for trial to a jury. The Distributing Company's testimony was limited to the matter of the amount of damages caused its truck in the collision. The record in the trial of the Insurance Company case was put in evidence including the satisfaction of the judgment. Both sides rested. The Distributing Company then moved that the court direct a verdict for it on the question of liability leaving only the damages to be determined by the jury. This was denied. Wayne moved for a directed verdict on the ground that this suit was based on a cause of action which had been split. This motion was granted and judgment entered thereon. These rulings are assigned as error by the Distributing Company on its appeal from the judgment.

■ Most of the cases in this field are concerned with situations in which the wrongdoer's negligent act injures another in his person and property. In these the majority view is that the wrongful act gives rise to but one cause of action. 1 Am.Jur., Actions, § 111; 1 C.J.S. Actions § 104; Clark on Code Pleading, 2d Ed. § 75. That we are committed to the prevailing rule, as urged by Wayne, is conceded by the Distributing Company. Jerome v. Rust, 23 S.D. 409, 122 N.W. 344; Fargo v. Morgan, 50 S.D. 94, 208 N.W. 575; Boos v. Claude, 69 S.D. 254, 9 N.W.2d 262. We think this rule must also apply where different kinds of property belonging to the same person are injured by the same wrongful act. Wayne's negligent conduct gave rise to only one cause of action.

■ It is likewise conceded that the rule in this state does not permit a single cause of action to be split or divided among several suits. Fargo v. Vincent, 6 S.D. 209, 60 N.W. 858; Parker v. Hardy, 73 S.D. 247, 41 N.W.2d 555; Carr v. Preslar, 73 S.D. 610, 47 N.W.2d 497. While this rule was recognized in Boos v. Claude, supra, that case approved an exception to the rule where the person injured had no knowledge or means of knowledge of the items omitted in his first suit. He was there permitted to bring a second suit to recover on these. In Rogers v. Penobscot Mining Company, a case from this state, 8 Cir., 154 F. 606, the

general rule is recognized as applying to actions at law but not to suits in equity.

There are some jurisdictions in which it is held that a negligent act which injures another in his person and property, or injures two different kinds of property belonging to the same person, gives rise to two causes of action. These are in the minority. In them the bringing of two actions in such situations, whether they be brought by the injured person or a subrogated insurer, does not create any problem concerning the splitting of a cause of action. However, it is a different picture in jurisdictions such as ours where it is held that in such circumstances there is only a single cause of action.

█ In them, if separate actions are brought by the injured party the doctrine of res judicata requires a holding that recovery on any part of the claim merges the whole and bars another action to recover the residue. Carr v. Preslar, supra. If this rule is applied where a subrogated insurer has recovered on that part of the claim for which it has paid under its insurance, the injured party would be barred from recovering the remainder of his loss. The author of the annotation in 47 A.L.R. at page 537 says that this "illustrates the startling results from a practical point of view that sometimes follow from the application of accepted legal principles".

While this conclusion seems compelled as a matter of logical reasoning many of the one cause of action jurisdictions have refused to so hold. The legal approaches by which they arrive at this result are varied. Nevertheless, it has created a considerable body of case law which recognizes an exception to the rule against splitting a cause of action under the circumstances here presented. See Annotations, 47 A.L.R. 536; 64 A.L.R. 668; 140 A.L.R. 1241; 166 A.L.R. 870 and 22 A.L.R.2d 1455. See also 1 Am. Jur., Actions, § 114. Many of these cases are cited and discussed in General Exchange Insurance Corporation v. Young, 357 Mo. 1099, 212 S.W.2d 396; Travelers Indemnity Co. v. Moore, 304 Ky. 456, 201 S.W.2d 7; Levitt v. Simco Sales Service of Pa., 11 Terry, Del. 557, 135 A.2d 910; Mills v.

De Wees, 141 W.Va. 782, 93 S.E.2d 484; Vasu v. Kohlers, Inc., 145 Ohio St. 321, 61 N.E.2d 707, 166 A.L.R. 855 and Rush v. City of Maple Heights, 167 Ohio St. 221, 147 N.E.2d 599, 606.

Concerning the extent of this exception in the single cause of action states the Rush case has this to say: "Upon further examination of the cases from other jurisdictions, it appears that in those instances where the courts have held to the majority rule, a separation of causes of action is almost universally recognized where an insurer has acquired by an assignment or by subrogation the right to recover for money it has advanced to pay for property damage." While this generalization is supported by notes on this case in University of Cincinnati Law Review, Vol. 27, p. 307 and Ohio State Law Journal, Vol. 19, p. 477, we doubt that the acceptance of the exception is quite that widespread. But be that as it may, we think such exception to the rule a desirable one and should be applied in the circumstances of this case. Accordingly, the court erred in granting Wayne's motion.

The practice of insuring against the dangers of financial liability inherent in modern living has enjoyed a phenomenal growth in the last decade or two. In fact, in many quarters it is regarded as a device by which an individual shares such risks with others. This development is even more pronounced where motor vehicles are involved. As to them public liability and property damage insurance coverage is required by law in many states. It seems to us that the rule we have adopted is attuned to this condition. See Underwood v. Dooley, 197 N.C. 100, 147 S.E. 686, 64 A.L.R. 656. Those jurisdictions which do not recognize the exception do so principally on the ground that the defendant should not be subjected to more than one suit by reason of a single tort. However, in this connection it should be noted that the development of the insurance concept has had an impact on such defendants. The burdens of their status are now increasingly assumed by insurers.

While this holding disposes of the appeal, we think it proper, since this matter will be for retrial, to state our views concerning the Distributing Company's motion for a

directed verdict on all matters except the amount of damages. It argues that the determination on these issues in the Insurance Company case is binding on the defendant Wayne in this litigation. It seeks to invoke the doctrine of res judicata to the issues common to both actions. This we think it may not do.

■ The doctrine of res judicata was rather recently considered by this court in Carr v. Preslar, supra. That case in turn relied largely on what this court said about the doctrine in Keith v. Willers Truck Service, 64 S.D. 274, 266 N.W. 256, 257, 104 A.L.R. 1471. Those cases make clear the two aspects in which the doctrine of res judicata operates. The first of these concerns the cause of action involved in a former suit, and the second the re-litigation of issues determined in a previous action. The first involves a plea in bar, the second a plea of estoppel by verdict.

■ Under the rule announced in the cited cases "* * * a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different." It is to be noted that the application of this principle is limited to "any future action between the same parties or their privies." While the defendant in this action was also defendant in the Insurance Company case the two actions are not between the same parties. Nor is the Distributing Company in privity with the Insurance Company.

■■ Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts. Privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title. It denotes mutual or successive relationship to the same right or property. The binding effect of the adjudication flows from the fact that when the successor acquires an interest in the right it is then

affected by the adjudication in the hands of the former owner. 50 C.J.S. Judgments § 788; 30A Am.Jur., Judgments, § 399. Travelers Indemnity Co. v. Moore, supra, seems to hold the contrary. See also 23 A.L.R.2d at page 726, § 12. Accordingly, an assignor, as such, is not in privity with the assignee. Taylor v. Barker, 70 Utah 534, 262 P. 266, 55 A.L.R. 1032; Vasu v. Kohlers, Inc., supra.

Since the Insurance Company and the Distributing Company are not in privity the issues litigated in the former action are open to re-litigation in this action. The motion of the Distributing Company was properly denied.

Reversed.

All the Judges concur.