The **FIRST NATIONAL BANK IN SIOUX FALLS**, Appellee,

v.

**L. T. DUNHAM**, Appellant, et al.

The **FIRST NATIONAL BANK IN SIOUX FALLS**, Appellee,

v.

**L. T. DUNHAM** et al., Appellants.

Nos. 72–1310, 72–1311.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1972.

Decided Jan. 8, 1973.

David L. Grannis, Jr., Grannis & Grannis, South St. Paul, Minn., and James J. O'Connor, West St. Paul, Minn., for appellant.

Norman R. Carpenter, Faegre & Benson, Minneapolis, Minn., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and BOGUE, District Judge.*

BOGUE, District Judge.

Plaintiff (appellee) obtained a judgment against defendant L. T. Dunham (appellant) from the Second Judicial Circuit Court for the State of South Dakota. Plaintiff was unable to satisfy the South Dakota Judgment and therefore brought this diversity action in the

---

* District Judge for the District of South Dakota sitting by designation.

United States District Court for the District of Minnesota. Plaintiff asked Judge Lord to set aside certain alleged fraudulent conveyances of property, to pierce the corporate veil of Dunham, Inc., and Dunham Appraisal, Inc., and to apply these assets to the unsatisfied judgment. In addition, plaintiff sought to recover attorneys' fees from defendant, L. T. Dunham. Judge Lord found for the plaintiff on all material issues and judgment was entered on April 20, 1972.

Defendants now appeal from this judgment and present four issues for review by this Court. They are as follows:

1. Were the transfers by L. T. Dunham of 24 shares of Dunham, Inc. stock in 1967 and 15 shares of Dunham, Inc. in 1968 made to defraud his creditors, and therefore fraudulent conveyances?

2. Was the transfer by Dunham, Inc. of property at 922 South Robert Street a fraudulent conveyance?

3. Did L. T. Dunham use Dunham, Inc. as a means to defraud his creditors?

■ The trial court answered each of the above questions in the affirmative and made specific findings of fact on each issue. The findings of fact are not "clearly erroneous" and for this reason we affirm the judgment of the trial court on the three issues listed above.

The fourth issue defendants present on appeal concerns the trial court's award of $7,500.00 to the plaintiff for attorneys' fees.

■ Rule 54(d) of the Federal Rules of Civil Procedure provides that the taxation and allowance of costs is subject to the discretion of the court. Ordinarily attorney's fees are not taxable as costs except where there are "dominating reasons of fairness and justice." *See* Mercantile-Commerce B. & T. Co. v. Southeast Ark. Levee Dist., 106 F.2d 966, 971

(8th Cir. 1939) and Bradley v. School Board, 53 F.R.D. 28 (E.D.Va.1971). In addition, several courts have allowed attorneys' fees to be awarded where the fraudulent conduct of a debtor places the creditor in a position where he is required to litigate with third parties in order to enforce his judgment. *See* Tarnowski v. Resop, 236 Minn. 33, 51 N.W.2d 801, 804 (1954); Prior Lake State Bank v. Groth, 259 Minn. 495, 108 N.W.2d 619 (1961); and Dworksy v. Vermes Credit Jewelry, Inc., 244 Minn. 62, 69 N.W.2d 118, 124 (1955). *See* also Peter Kiewit Sons Co. v. Summit Construction Co., 422 F.2d 242, 274–275 (8th Cir. 1969) and Wilshire Oil Co. of Texas v. Riffe, 409 F.2d 1277, 1285 (10th Cir. 1969).

■ Judge-Lord states in his opinion that the award of attorneys' fees was made for "dominating reasons of justice" and because L. T. Dunham's conduct made it necessary for the plaintiff to litigate with third parties in order to enforce his judgment. The record reveals that L. T. Dunham has attempted to conceal assets, that he has made fraudulent conveyances subsequent to the instigation of litigation in South Dakota, and that he engaged in extensive evasive and dilatory tactics that tended to delay and hinder the trial court. In addition, the record reveals that Thomas Dunham gave misleading testimony at the urging of L. T. Dunham, that L. T. Dunham attempted to bribe a handwriting expert and that certain records were falsified for trial. On the basis of this record, we find no abuse of discretion on the part of Judge Lord in awarding the attorneys' fees.

The plaintiff now requests an award of additional attorneys' fees on the grounds that the appeal was frivolous. The request for additional attorney fees is denied.

Affirmed.