**L. T. DUNHAM, Plaintiff and Appellant,**

v.

**THE FIRST NATIONAL BANK IN SIOUX FALLS, a National Banking Association, Defendant and Respondent.**

**No. 11852–a.**

Supreme Court of South Dakota.

Dec. 14, 1977.

Horace R. Jackson of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for plaintiff and appellant.

Deming Smith of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and respondent.

YOUNG, Circuit Judge.

Before discussing the particular issues presented to this Court, it is necessary to describe the procedural history of this case.

In February of 1970, The First National Bank in Sioux Falls (Bank) commenced an action in circuit court in Sioux Falls against L. T. Dunham (Dunham) and two other individuals not parties to the present appeal. The action was brought by the Bank against Dunham and two other individuals upon a promissory note alleged to have been due. At the time of the trial, there was no evidence elicited from or for the defendants. Judgment was rendered against the defendants in the amount of $112,237.27 plus interest, together with $43.20 costs on April 29, 1970.

Thereupon, in May of 1970, the Bank commenced an action in the United States District Court, District of Minnesota, Fourth Division, upon the original South Dakota judgment. Judgment was entered in that court and the Bank began looking for assets of Dunham. The Bank had recovered only $4,790.30 in a year's time, so a second action was commenced in the Minnesota Federal Court to set aside the transfer of certain assets of Dunham alleged to have been fraudulently transferred and to subject those assets to the lien of the judgment. This action was commenced on June 1, 1971.

Dunham answered the complaint in this second Minnesota action and counterclaimed to recover the $4,790.30 which the Bank had obtained by levy on his property. The counterclaim was based on the allegation of forgery of his signature to the guaranty.

On June 30, 1971, Dunham commenced an action in circuit court in Sioux Falls, South Dakota, to vacate the judgment in the first South Dakota action. Dunham alleged that upon being served with the summons and complaint, he had contacted one of the defendants, Sticha, and informed him that he, Dunham, had not signed the guaranty which was the basis of the action against him and that his signature which appeared thereon was a forgery. Sticha then informed Dunham that any judgment would first have to be obtained against the corporation, Kaiser Enterprises, Inc., and go unsatisfied before a judgment could be obtained against Dunham; that negotiations were being made for the sale of Kaiser Enter-

prises, Inc., which sales would soon be completed and the proceeds therefrom used to satisfy the claims of the Bank; and that therefore Dunham should make no claim that his signature on the guaranty was a forgery. Therefore, according to Dunham's allegations, relying upon this representation he did not, in fact, allege a forgery in his answer. There were other allegations concerning his reason for not asserting the forgery defense. The facts of that case are more fully set forth in *Dunham v. First National Bank in Sioux Falls*, 1972, 86 S.D. 727, 201 N.W.2d 227. In any event, Dunham's complaint to vacate the first South Dakota judgment was dismissed and an order denying Dunham a rehearing was issued. On August 30, 1971, Dunham filed an appeal to this Court from that ruling.

Before any action was taken on the appeal to this Court, the trial in Minnesota (the second Minnesota action), was commenced on November 29, 1971. The judge in the Minnesota action expressed doubt as to whether or not he should hear testimony on the forgery issue because of the pending South Dakota action. The Bank argued that the forgery issue should not be heard. Mr. Dunham's attorney stated:

"If the Court please, we interpose a counter-claim, which is still before the Court. So long as that fact exists, we feel that we should be prepared to go ahead and prove the facts of that counter-claim."

After a short discussion concerning the pending South Dakota appeal, the following colloquy took place concerning the forgery issue:

COURT: "If they (South Dakota Supreme Court) resolve it against you in the final analysis, do you intend to come back here and ask this Court to relitigate it?"

MR. GRANNIS: "Certainly."

COURT: "Then we might as well do it right now and have that over with. So you go ahead."

Thereafter, a considerable amount of testimony was taken on the issue of forgery which was made the basis of Dunham's counterclaim. In fact, from December 3, 1971, through December 12, 1971, the court was in recess to permit Dunham to obtain a witness on that issue. The judge himself, on one occasion, located one of Dunham's witnesses for him when Dunham was unable to do so.

After much testimony, the court made the following findings of fact:

"40. L. T. Dunham signed the guaranty given the First National Bank in Sioux Falls."

Part of the judgment stated:

"ORDERED, ADJUDGED AND DECREED, that the Counterclaim of defendant L. T. Dunham in Suit No. 4–71 Civil 280 be and the same is hereby dismissed with prejudice on the merits."

Therefore, the issue of forgery was decided against Dunham and his counterclaim against the Bank based on the alleged forgery was dismissed with prejudice on the merits. The court also set aside certain transfers made by Dunham. On January 8, 1973, the United States Court of Appeals for the Eighth Circuit affirmed that decision. *First National Bank in Sioux Falls v. Dunham*, 8 Cir., 471 F.2d 712. Dunham did not appeal from the District Court's finding on the forgery issue.

Meanwhile, on March 28, 1972, oral argument was heard before this Court on Dunham's appeal from the order dismissing his complaint for relief from the original South Dakota judgment. On October 6, 1972, this Court reversed the circuit court's decision and remanded the case to the circuit court to determine whether Dunham was entitled to have the judgment of April 29, 1970, vacated so that he might raise the issue of forgery as a defense to the Bank's original action against him on the guaranty. See *Dunham v. First National Bank in Sioux Falls, supra.* It should be noted that the record before this Court at that time did not contain the Minnesota court's decision, especially on the forgery issue.

Therefore, the case was remanded to the circuit court in Sioux Falls. On remand, the Bank in its amended answer to Dunham's complaint stated:

"VII.

Further answering, and as an affirmative defense, Defendant states that Plaintiff is estopped from raising the issue of forgery in this action for the reason that such issue was raised by Plaintiff over Defendant's objection in subsequent litigation between Plaintiff and Defendant in the United States District Court for the District of Minnesota, Fourth Division, File Nos. 4–70 Civil 184 and 4–71 Civil 280; that said United States District Court found as a fact that the said L. T. Dunham signed the guaranty given the Bank and entered Judgment in favor of the Bank against Dunham on April 20, 1972; that no appeal was taken by Dunham from that finding, although he did appeal to the United States Court of Appeals for the Eighth Circuit upon other issues determined by the Judgment of said United States District Court against him. (Appeal Nos. 72–1310 and 72–1311); that said appeal was decided against Dunham, said United States Court of Appeals having affirmed said United States District Court's decision on January 8, 1973, in *The First National Bank in Sioux Falls vs. Dunham*, 471 F.2d 712; that the Bank's judgment in the sum of $112,-348.49 against Dunham and others in said United States District Court File No. 4–70 Civil 184 was satisfied on February 16, 1973; that the Bank's judgment in the sum of $7,500.00 with costs, against Dunham and others in said United States District Court File No. 4–71 Civil 280 was satisfied on February 27, 1973; that the time for appeal or petition for writ of certiorari from said decision of the United States Court of Appeals has expired; that time to appeal from the finding of said United States District Court on the issue of forgery has expired; and that accordingly, said finding of said United States District Court is res judicata on the issue of forgery in the present action."

Dunham moved to strike that amended answer, arguing that the Minnesota court did not have jurisdiction to decide the forgery issue. This motion was denied by the circuit court. A second motion by Dunham that the motion to strike be treated as a motion for summary judgment was likewise denied. Thereafter, the Bank moved for summary judgment. This motion was granted. The pertinent part of the order granting summary judgment stated:

"And the Court having found and concluded that the motion for summary judgment does lie; that this Court had personal jurisdiction over L. T. Dunham in the original action brought against him and others by the First National Bank in Sioux Falls (CIV. 70–236); that the United States District Court for the District of Minnesota, Fourth Division, had personal jurisdiction over the said Dunham in the two actions brought against him by the Bank therein (4–70 CIV. 184) and (4–70 CIV. 280); that the issue of the alleged forgery of Dunham's signature was completely tried and determined by said United States District Court in said action; that accordingly, there is no genuine issue as to any material fact and that the Defendant is entitled to judgment as a matter of law."

It is from those orders of the lower court that the appellant now appeals to this Court.

It is true that appellant did not have to present his counterclaim based on the forgery issue in the Minnesota court. Appellant could have waited until this Court decided his appeal. If decided in his favor, the forgery issue could very well have been litigated in the South Dakota court. But the fact remains that Dunham did interpose the counterclaim and did present extensive testimony on the forgery issue. It was only after the forgery issue went against him that he argued that the Minnesota court should not have heard the testimony and made a ruling.

A counterclaim need not be asserted "if at the time the action is commenced, the counterclaim is 'the subject of another pending action.' " 6 Wright & Miller, Federal Practice and Procedure, § 1411, p. 58. The claim of forgery was the subject of the

appeal to this Court. This Court eventually found that if Dunham's contentions were true, the issue of forgery would constitute a valid defense to the original South Dakota action. If Dunham would have waited until this Court had made a decision on his appeal, the issue of forgery could very well have been litigated in South Dakota. Instead, Dunham chose to have that issue litigated in Minnesota.

■ We agree with the following statement from 6 Wright & Miller, Federal Practice and Procedure, § 1413, p. 69:

"Nonetheless, once the counterclaim is interposed the court should assume ancillary jurisdiction over the counterclaim as well as over any third parties required for its adjudication. And in either case the counterclaimant should be held to have waived any objections based on venue and jurisdiction over his person."

Therefore, we hold that since Dunham interposed the counterclaim, even though that issue was the subject of another pending claim, the Minnesota court obtained jurisdiction to determine the issue of forgery.

■ This Court has stated on numerous occasions that a point which was actually and directly in issue in a former action and was there judicially passed upon and determined cannot be drawn in question in any further action between the same parties whether the cause of action in the two actions are identical or different. See *Keith v. Willers Truck Service, Inc.*, 1936, 64 S.D. 274, 266 N.W. 256; *Carr v. Preslar*, 1951, 73 S.D. 610, 47 N.W.2d 497; *Sodak Distributing Company v. Wayne*, 1958, 77 S.D. 496, 93 N.W.2d 791. The issue of forgery was actually and directly put in issue by Dunham himself in the Minnesota court, and the issue of forgery was judicially passed upon and determined as evidenced by the findings of fact and judgment set forth above.

As stated in Restatement of Judgments, § 59, p. 236:

"Where the defendant interposes a counterclaim and judgment on the merits is rendered against him on the counter-

claim, he cannot thereafter maintain an action on the cause of action stated in the counterclaim, . . . ."

Dunham interposed a counterclaim in the Minnesota court based upon an alleged forgery. He was not compelled in any way to assert such a claim. Nevertheless, a claim was made and a judgment dismissing his counterclaim with prejudice on the merits was ordered, and he cannot now relitigate this same issue. As Justice Frankfurter stated in *Angel v. Bullington*, 1947, 330 U.S. 183, 192, 67 S.Ct. 657, 662, 91 L.Ed. 832, 838:

"The doctrine of res judicata reflects the refusal of law to tolerate needless litigation. Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion."

It is important to point out in this case that we are not dealing with a party who has been forced to litigate an issue against his will. We are likewise not dealing with a situation where a party has been forever precluded from litigating an issue. Dunham himself requested that the Minnesota court decide the forgery issue despite the objections from the Bank. It was he who raised the issue, who presented testimony, and who wanted the Minnesota court to rule on the matter. It is only after he learns that the court has found that there was no forgery that he no longer wants the court's findings to stand, but instead wants to relitigate the issue. The issue of forgery has been litigated, and Dunham has had his day in court.

The order granting summary judgment in favor of the Bank is affirmed.

WOLLMAN and ZASTROW and PORTER, JJ., and WINANS, Retired Justice, concur.

YOUNG, Circuit Judge, sitting for DUNN, C. J., disqualified.

WINANS, Retired Justice, sitting for MORGAN, J., disqualified.